UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID AGUILAR,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>J. TAFELMEYER, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-00547-ART-CSD<br><br>ORDER |

On December 20, 2023, this Court entered its order under 28 U.S.C. § 1915A screening Plaintiff David Aguilar's pro se civil-rights complaint and allowing his Eighth Amendment excessive-force and medical-indifference claims to proceed. (ECF No. 6). In the screening order, the Court deferred ruling on Aguilar's application to proceed *in forma pauperis* ("IFP") and motion for appointment of counsel. (*Id* at 9). Because the Court was inclined to appoint Aguilar counsel for litigation purposes but not for participating in the Court's Inmate Early Mediation Program, it gave Aguilar until January 19, 2024, to file a written notice stating if he wants to either (1) participate without counsel in the Inmate Early Mediation Program or (2) be referred to the Pro Bono Counsel Program and proceed onto the normal litigation track. (*Id.*)

Aguilar timely filed a notice stating that he wants to be referred to the Pro Bono Counsel Program and proceed onto the normal litigation track. (ECF No. 8). In a motion styled as seeking a show-cause order, Aguilar moves the Court for a temporary restraining order and a preliminary injunction requiring "that he be housed in unit 3 [due] to his ADA status (Glaucoma) in both eyes." (ECF No. 4). For the reasons stated below, the Court grants Aguilar's IFP application, grants in part his motion for appointment of counsel, denies his motion for a restraining

1

order and injunction, and refers this action to the Court's Pro Bono Counsel Program.

## I. DISCUSSION

### A. Aguilar's IFP application is granted.

Based on the financial information provided, the Court finds that Aguilar is unable to prepay the full $350 filing fee in this action. (*See* ECF No. 1). The Court thus grants Aguilar's IFP application and allows him to proceed without paying an initial installment of the filing fee. But pauper status doesn't relieve Aguilar of his obligation to pay the full $350 filing fee under 28 U.S.C. § 1915(b)(2); it just means that he can do it in installments. And the full $350 filing fee will remain due and owing even if this case is later dismissed or otherwise unsuccessful for Aguilar.

### B. Aguilar's motion for appointment of counsel is granted in part.

The Court finds that exceptional circumstances warranting the appointment of counsel exist here. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (outlining legal standard). Aguilar states colorable claims for relief that raise relatively complex legal and factual issues. Moreover, having reviewed Aguilar's filings in this action, the Court concludes that his ability to litigate his claims would be greatly enhanced by the assistance of counsel. The Court thus grants Aguilar's motion for appointment of counsel in part as to only litigation purposes. The Court will attempt to find Aguilar counsel. The Court will hold a status conference in approximately 60 days to address the matter of securing counsel for Aguilar and proceeding with this action. And the Court will enter a separate order scheduling that conference.

### C. Aguilar's motion for pretrial equitable relief is denied.

What remains is Aguilar's motion seeking a temporary restraining order and a preliminary injunction about his classification and housing status. (ECF No. 4). The Court denies this motion for several reasons. First, the Court has

resolved to grant Aguilar's motion for appointment of counsel and refer this matter to the Court's Pro Bono Counsel Program. If appointed, counsel will be better able to assess whether pretrial equitable relief is warranted, and file a proper motion seeking that relief.

Second, Aguilar has not demonstrated that he is entitled to a restraining order or an injunction. Aguilar does not mention, let alone analyze, the legal standards that govern the "extraordinary" forms of equitable relief sought in his motion. *See e.g., Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (outlining general standard for obtaining a restraining order or preliminary injunction); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (outlining "doubly demanding" standard for obtaining an injunction that goes beyond simply maintaining the status quo); 18 U.S.C. § 3626(a)(2) (outlining the "narrowly drawn" standard for obtaining an injunction about prison conditions).

Finally, the Court lacks authority to grant the relief that Aguilar seeks because there is not a sufficient nexus between the issues raised in his motion and the claims pled in his complaint. *See Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). According to the motion, prison officials refuse to classify Aguilar as a general population inmate "under false allegations stating that he is in administrative segregation [due] to an (STG) gang member." (ECF No. 4 at 2). But the complaint does not contend that Aguilar's classification status or housing conditions are unlawful. Rather, the complaint contends that several corrections officers used excessive force against him, and the senior officer purposefully delayed Aguilar receiving medical care for injuries that he suffered in the incident. (ECF No. 8). The Court therefore denies Aguilar's motion for a temporary restraining order and a preliminary injunction.

/ / /

/ / /

/ / /

## II.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Aguilar's application to proceed *in forma pauperis* (ECF No. 1) is granted. Aguilar is not required to pay an initial installment of the filing fee. And Aguilar is permitted to maintain this action to conclusion without prepaying any additional fees or costs or giving security for them.

2. To ensure that Aguilar pays the full filing fee, the Nevada Department of Corrections will forward payments from the account of **DAVID AGUILAR, #52801** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

3. Aguilar's motion for appointment of counsel (ECF No. 1-3) is granted in part. This case is referred to the Pro Bono Counsel Program for the purpose of identifying counsel willing to be appointed as pro bono counsel for Aguilar. The scope of appointment will be for all litigation purposes through the conclusion of trial. By referring this case to the Pro Bono Counsel Program, the Court is not expressing an opinion about the merits of Aguilar's claims.

4. This action is excluded from the Court's Inmate Early Mediation Program and proceeds onto the normal litigation track.

5. The Court will hold a status conference in approximately 60 days to discuss whether the Court has identified counsel willing to be appointed as pro bono counsel and how to further proceed with this case. The Court will enter a separate order scheduling that conference.

6. It is further ordered that Aguilar's motion for an order to show cause why a temporary restraining order and a preliminary injunction should not issue (ECF No. 4) is denied.

7. Service under Federal Rule of Civil Procedure 4 must be perfected within 90 days from the entry date of this order.

8. To begin the process for perfecting service, subject to the findings of the screening order (ECF No. 6), within 21 days of the date of entry of this order, the Office of the Attorney General of the State of Nevada will file a notice advising the Court and Aguilar of (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the Defendants for whom it is filing the last-known-address information under seal. As to any named defendant for whom the Attorney General's Office cannot accept service, it will file, under seal, but will not serve the inmate Aguilar the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

9. If service cannot be accepted for any of the named defendant(s), the Court will address the matter at the status conference.

10. If the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 7) within 60 days from the date of this order.

11. Aguilar will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for the Court's consideration. If Aguilar electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Aguilar mails the document to the Court, Aguilar will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance for any defendant, Aguilar will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate

judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

12. The Clerk of the Court is directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve copies of this order, the screening order, the complaint, and Aguilar's notice to appoint pro bono counsel (ECF Nos. 6, 7, 8) on the Office of the Attorney General of the State of Nevada by Adding the Attorney General of the State of Nevada to the Interested Party on the docket. This does not indicate acceptance of service.

13. The Clerk of the Court is further directed to send copies of this order to (1) the Pro Bono Liaison, (2) the Finance Division of the Clerk's Office, and (3) the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

Dated this 17th day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE