AARON D. FORD
  Attorney General
ANDREW C. NELSON, Bar No. 159741
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1227
E-mail: acnelson@ag.nv.gov

*Attorneys for Defendants*
*Zachary Mahon, Skyler Sheeks,*
*and Jeremy Tafelmeyer*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>J. TAFELMEYER; et al.,<br><br>    Defendants. | Case No. 3:23-cv-00547-ART-CSD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT**<br>**(ECF NO.7)**<br>**(JURY TRIAL DEMANDED)** |

Defendants, Zachary Mahon, Skyler Sheeks, and Jeremy Tafelmeyer, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Andrew C. Nelson, Senior Deputy Attorney General, hereby answer Plaintiff's Civil Rights Complaint by an Inmate (Complaint), (ECF No. 7), as follows:

**A.  JURISDICTION**

1) Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis.

2) Defendants admit Plaintiff, David Aguilar (Aguilar), is currently housed within the Nevada Department of Corrections (NDOC) at Northern Nevada Correctional Center (NNCC). Defendants deny any and all remaining allegations set forth in this paragraph.

3) Defendants deny that any violations of Aguilar's constitutional rights occurred at any time or in any manner at NNCC. Defendants deny any and all remaining allegations set forth in this paragraph.

**B.  DEFENDANTS**

1) Defendants admit Jeremy Tafelmeyer, believed to be sued as J. Tafelmeyer, was formerly employed as a Correctional Officer (C/O) at NNCC. Defendants deny any and all remaining allegations set forth in this paragraph.

2) No response is required since the Officer of the Attorney General (OAG) does not represent Joseph Johnson at this time. To the extent a response is necessary, Defendants are without sufficient knowledge or information to form a belief of the truth of the allegations set forth in this paragraph, therefore, deny on that basis.

3) Defendants admit Zachary Mahon, believed to be sued as Mahon, was formerly employed as a (C/O) at NNCC. Defendants deny any and all remaining allegations set forth in this paragraph.

4) Defendants admit Skyler Sheeks, believed to be sued as Sheeks, is currently employed as a C/O at NNCC. Defendants deny any and all remaining allegations set forth in this paragraph.

5) No response is required since Aguilar left this paragraph blank within his Complaint. To the extent a response is necessary, Defendants are without sufficient knowledge or information to form a belief of the truth of the allegations set forth in this paragraph, therefore, deny on that basis.

**C.  NATURE OF THE CASE**

In response to this section of Aguilar's Complaint, (ECF No. 7 at 2-3), Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, therefore, deny on that basis.

///
///
///

**D.    CAUSE(S) OF ACTION**

**CLAIM I: DENY**

1) Defendants admit Aguilar has rights afforded to him under the Eighth Amendment of the United States Constitution. Defendants deny those rights, or any other rights afforded to Aguilar, were violated at any time or in any manner by the Defendants.

2) Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

3) Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

4) **Supporting Facts**[1]

1. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

2. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

3. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

4. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

///

///

---

[1] Defendants identify six (6) paragraphs within this section of Plaintiff's Complaint and answer this section accordingly. (ECF No. 7 at 4-5).

5. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

6. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

### E.  PREVIOUS LAWSUITS

1) Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

2) Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

3) Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore, the allegations are denied.

### F.  REQUEST FOR RELIEF

1) Defendants deny Aguilar is entitled to any relief sought within this paragraph of his Complaint.

### G.  ADDITIONAL ALLEGATIONS

As to any remaining allegations contained in Aguilar's Complaint, not specifically admitted or denied herein, Defendants hereby deny any and all such allegations.

### H.  DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants also assert the following Affirmative Defenses:

**First Affirmative Defense**

Aguilar has failed to state a claim for which relief can be granted.

///

///

**Second Affirmative Defense**

Aguilar has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

**Third Affirmative Defense**

At all times mentioned in Aguilar's Complaint, Defendants did not personally participate in any of the alleged violations and/or were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

**Fourth Affirmative Defense**

Defendants are not legally responsible for the actions and/or omissions of other third parties.

**Fifth Affirmative Defense**

Defendants are entitled to qualified immunity.

**Sixth Affirmative Defense**

Defendants are entitled to discretionary act immunity.

**Seventh Affirmative Defense**

Aguilar's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

**Eighth Affirmative Defense**

Aguilar's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate his damages, therefore barring or diminishing his ability to recover.

**Ninth Affirmative Defense**

Aguilar failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243, and NDOC Administrative Regulation (AR) 740.

///

///

**Tenth Affirmative Defense**

Defendants held an objective good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

**Eleventh Affirmative Defense**

There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

**Twelfth Affirmative Defense**

Defendants, at all relevant times, acted with due care and circumspection in the performance of their duties.

**Thirteenth Affirmative Defense**

Aguilar's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

**Fourteenth Affirmative Defense**

Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

**Fifteenth Affirmative Defense**

Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

**Sixteenth Affirmative Defense**

Defendants, at all relevant times, acted in good faith toward Plaintiff and possessed a good faith belief that Defendants were acting reasonably, and that Defendants' actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

**Seventeenth Affirmative Defense**

Aguilar is barred from seeking punitive damages pursuant to Nevada Revised Statute § 41.035 et. seq.

///

///

**Eighteenth Affirmative Defense**

Aguilar is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

**Nineteenth Affirmative Defense**

Each purported claim for relief is barred by the doctrines of *res judicata* and/or collateral estoppel.

**Twentieth Affirmative Defense**

Each purported claim for relief is barred as Aguilar is estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

**Twenty First Affirmative Defense**

Aguilar's claims for relief are barred by the Statute of Limitations and/or Statute of Frauds.

**Twenty Second Affirmative Defense**

Each purported claim for relief is barred as the answering Defendants are not legally responsible for the actions and/or omissions of other named or unnamed Defendants.

**Twenty Third Affirmative Defense**

Aguilar's claims are barred by the doctrine of comparative negligence because his actions were more than 51% of the cause of any damages in this case.

**Twenty Fourth Affirmative Defense**

Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

**Twenty Fifth Affirmative Defense**

Aguilar's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

**Twenty Sixth Affirmative Defense**

Agular is barred from receiving Court Costs arising under 42 U.S.C. § 1988 and § 1997e.

///

**Twenty Seventh Affirmative Defense**

Aguilar is not entitled to prejudgment interest from the date of filing of his initial Complaint.

**Twenty Eighth Affirmative Defense**

Aguilar has failed to provide for any cognizable damages.

**Twenty Ninth Affirmative Defense**

All possible affirmative defenses may not have been alleged in as much as insufficient facts and other relevant information may not be available after reasonable inquiry and, pursuant to FED. R. CIV. P. 11, Defendants hereby reserve the right to amend their answers and these affirmative defenses as additional information becomes available.

I. **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for relief as follows:

1. That Aguilar take nothing by virtue of his Complaint.

2. For attorney fees and costs of defending this suit.

3. A jury trial is demanded

DATED this 15th day of March, 2024.

        AARON D. FORD
        Attorney General

        By:   */s/ Andrew C. Nelson*
               ANDREW C. NELSON, Bar No. 15971
                Senior Deputy Attorney General

        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 15, 2024, I filed the foregoing, **DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

    Luke Busby, Esq.
    316 California Ave.
    Reno, NV 89509

    /s/ *Karen Easton*
    An employee of the
    Office of the Nevada Attorney General