LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID AGUILAR, | Case No.: 3:23-cv-00547-ART-CSD |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION TO SERVE BY PUBLICATION AND TO EXTEND TIME TO SERVE COMPLAINT** |
| J. TAFELMEYER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff DAVID AGUILAR ("Aguilar" or "Plaintiff") by and through its undersigned counsel, brings this Motion seeking an Order: (i) extending Plaintiff's time to complete service of the Summons and Complaint (ECF No. 7, "Complaint") to and including July 16, 2024; and (ii) permitting Plaintiff to serve the Summons and Complaint by alternate means of newspaper publication.

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a civil rights action filed under 42 U.S.C. 1983 by the Plaintiff, a prisoner at Northern Nevada Correctional Center, against several former Nevada Department of Correction Employees. The undersigned counsel was appointed to this case as Pro Bono counsel in late January 2024.

On February 7, 2024, the Attorney General accepted service for Defendant Sheeks.

1

On February 7, 2024, this court issued its Order Re: Service of Process at ECF No. 15 addressing the service of process on defendants Joseph Johnson, Zachary Mahon, and Jeremy Tafelmeyer. The Court ordered the issuance of summonses for these defendants using their last known addresses, which were filed under seal. It also directed the Court Clerk to send the summonses, along with copies of the complaint, the screening order, and this order, to the U.S. Marshal for service. Additionally, the Court reminded the plaintiff of the April 16, 2024 deadline to complete service of process as per Federal Rule of Civil Procedure 4(m).

Subsequently, service was executed on Defendants Mahon and Tafelmyer, and an answer was filed on March 15, 2024. See ECF No. 21.

The US Marshalls' February 14, 2024 attempt to serve Defendant Joseph Johnson was unsuccessful. See ECF No. 17, as the address provided under seal by the Attorney General was vacant.

The undersigned counsel has attempted to locate Johnson independently through internet searches but has not been successful, likely due to the common name, "Joseph Johnson."

Further, the undersigned counsel engaged a licensed private investigator, Mr. Tom Green, to assist in locating Mr. Johnson, whose report on his unsuccessful efforts to locate Mr. Johnson is attached hereto as Exhibit 1.

Aguilar seeks permission from the Court to serve Johnson with the Summons and Complaint in this action by publication, rather than by other means such as personal service. Pursuant to Fed. R. Civ. P. 4(e), service upon an individual defendant may be effectuated in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effectuated. Service by an alternative service method is permissible under Nevada law:

2

NRCP 4.4(b) provides that "if a party demonstrates that the service methods provided in Rules 4.3, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished by any alternative service method."

Under NRCP 4.4(b), Service by publication is permissible under Nevada law under the following circumstances:

> c. Service by Publication.  If a party demonstrates that the service methods provided in Rules 4.3, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
> (1)Conditions for Publication. Service by publication may only be ordered when the defendant: A. Cannot, after due diligence, be found; B. By concealment seeks to avoid service of the summons and complaint; or  C. Is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).

The service methods provided in Rules 4.2, 4.3, and 4.4 (a) are impracticable because Plaintiff is not entitled to address Defendants under Nevada law.  See NRS 289.025, making the home address and photograph of the peace officer in possession of a law enforcement agency confidential.  Further, given that "Joseph Johnson" is a common name, doing a search for the home address of such an individual by other means is impracticable, i.e. Mr. Johnson, after diligence, cannot reasonably be found by Plaintiff.

Service by publication may be ordered where, as here, the defendant (A) cannot after due diligence be found; or (B) by concealment seeks to avoid service of the summons and complaint. See, NRCP 4.4(c). For the reasons described above, good cause exists and the Plaintiff satisfies additional requirements set forth in NRCP 4.4 (c)(2) to warrant an order for service by publication.

With respect to service by publication in Nevada, Plaintiff believes the Nevada Appeal, the Reno Gazette-Journal, and the Las Vegas Review-Journal as the proposed newspapers for the publication because all are well-known publications of general circulation within the largest

3

community in Nevada and the surrounding area. The plaintiff proposes the following language for publication:

> UNITED STATES DISTRICT COURT DISTRICT OF NEVADA; Case No.: 3:23-cv-00547-ART-CSD; David Aguilar, Plaintiff v. Jeremy Tafelmeyer, Joseph Johnson, Zachary Mahon and Sheeks, Defendant(s).  SUMMONS NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW. TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint. Object of Action: This is a Complaint for civil rights violations under 42 U.S.C. 1983 for violation of rights under the 4th and 8th Amendments of the US Constitution for excessive force and deliberate indifference to serious medical needs.  If you intend to defend the lawsuit within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are Luke Busby, Esq. 316 California Ave. Reno, NV 89509. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FRCP 4(m) states, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff seeks to issue an Order to enlarge the limitations period to serve Johnson with the Summons and Complaint. Based on the Order of the Court, Plaintiff has until April 16, 2024, to serve Johnson.  Plaintiff requests additional time until June 16, 2024, or another reasonable time to be ordered by the Court, to serve Johnson with the Complaint via publication, as requested herein.

///

///

4

WHEREFORE, Plaintiff respectfully requests that the Motion be granted and that the Court permit service by publication and an extension of time for serve.

**DATED** this: March 25, 2024

By: /s/ Luke Busby, Esq.
LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

### Exhibit List

1. March 22, 2024 Report of Tom Green

5

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing Document by:

_____           personally delivering;

_____           delivery via Reno/Carson Messenger Service;

_____           sending via Federal Express (or other overnight delivery service);

_____           depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_           delivery via electronic means (fax, eflex, NEF, etc.) to:

AARON D. FORD
Attorney General
ANDREW C. NELSON, Bar No. 159741
Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1227
E-mail: acnelson@ag.nv.gov
Attorneys for Defendants
Zachary Mahon, Skyler Sheeks,
and Jeremy Tafelmeyer

**DATED** this: March 25, 2024

By:  /s/ Luke Busby, Esq.
LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

6