UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID AGUILAR,

    Plaintiff

v.

J. TAFELMEYER, et al.,

    Defendants

Case No.: 3:23-cv-00547-ART-CSD

**Order**

Re: ECF No. 24

    Before the court is Plaintiff's motion to serve defendant Johnson by publication, and to extend the time to serve Johnson with the complaint. (ECF No. 24.)

**I. BACKGROUND**

    Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC). He filed this action pro se, but was subsequently appointed pro bono counsel. The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim of excessive force against defendants Johnson, Tafelmeyer, Mahon, and Sheeks, and an Eighth Amendment deliberate indifference to serious medical needs claim against Tafelmeyer. (ECF No. 6.)

    Plaintiff alleges that on September 13, 2021, Correctional Officer Johnson entered his housing unit and struck Plaintiff in the face with his own headphones. In response, Plaintiff backhanded Johnson with his walking cane. Johnson then ordered Plaintiff to stand up and Plaintiff complied. Johnson then punched Plaintiff in the face. Correctional Officers Tafelmeyer, Mahon, and Sheeks then entered the housing unit and ordered all other inmates to leave the dorm. All of the inmates complied except for Roy Moraga, whom Plaintiff claims witnessed

what transpired next. Once Plaintiff was placed in full restraints, he avers that the officers beat and tased him, and then Tafelmeyer refused to allow him to receive medical care.

Defendants Tafelmeyer, Mahon and Sheeks have been served and are represented by the Attorney General's Office. (*See* ECF Nos. 12, 20.) The Attorney General's Office did not accept service for Johnson, and filed his last known address under seal. (ECF Nos. 12, 13.) The court issued a summons for Johnson. (ECF No. 16.) The U.S. Marshal's Office attempted to serve Johnson at the address provided, but was unsuccessful in serving Johnson, noting that the property at the subject address was vacant. (ECF No. 17.) The deadline to complete service under Federal Rule of Civil Procedure 4(m) was set for April 16, 2024. (ECF No. 15.)

On March 25, 2024, Plaintiff filed this motion seeking to extend the deadline to serve Johnson with the summons and complaint, and requesting that he be permitted to serve Johnson by publication.

## II. DISCUSSION

**A. Service by Publication**

An individual may be served by delivering a copy of the summons and complaint to the individual personally, by leaving a copy at the individual's dwelling with someone of suitable age and discretion who lives there, or delivering a copy to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2)(A)-(C). In addition, under Federal Rule of Civil Procedure 4(e), an individual may be served by following Nevada law, which also authorizes those methods of service. Fed. R. Civ. P. 4(e)(1), Nev. R. Civ. P. 4.2(a). In Nevada, if a party demonstrates that those service methods are "impracticable, the court *may*, upon motion and without notice to the person being served, direct that service by accomplished through any alternative service

method[,]" including service by publication when the defendant "cannot, after due diligence, be found." Nev. R. Civ. P. 4.4(b)(1), 4.4(c) (emphasis added).

A motion seeking an order for service by publication must provide affidavits, declarations or other evidence setting forth facts demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) efforts made to locate and serve the defendant; (3) the defendant's known, or last known contact information; (4) the last known address, the date during which the defendant resided at the location, and confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2).

The motion must also: state why service by publication comports with due process; include the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; and suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant *actual notice* of the proceedings. *Id*.

Courts have recognized that in light of "'due process concerns, service by publication must be allowed only as a last resort.'" *Hernandez v. Russell*, 2022 WL 347552 (D. Nev. Feb. 4, 2022) (quoting *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021)). "This is because 'it is generally recognized that service by publication rarely results in actual notice.'" *Id*.

Plaintiff's motion states that counsel has attempted to locate Johnson through internet searches, but was unsuccessful, likely due to the common name, "Joseph Johnson." Counsel also engaged a private investigator, Tom Green, who used "Transparent Nevada" to locate a Joseph Johnson who was listed as a correctional officer in Nevada from 2020-2022, but the site gave no

middle initial. Mr. Green then checked Nevada employee lists and found no match. He ran a "proprietary database check," but "without some corresponding information," he could not match anyone to the defendant Johnson. Mr. Green does note that "[i]f time were not an issue, a public records request for employment verification and of Nevada POST certificate verification would probably reveal some potential leads." (ECF No. 24-1.)

The court appreciates the efforts undertaken thus far by Plaintiff's counsel to locate defendant Johnson, but at this time, the court does not view these efforts as sufficient to justify service by publication—a means of service that, in reality, is unlikely to give Mr. Johnson actual notice of this lawsuit.

Preliminarily, Mr. Green acknowledges that there are additional steps he could take to attempt to locate Mr. Johnson. In addition, Plaintiff's counsel does not state that he has conducted any discovery to obtain information about Mr. Johnson, from either his co-defendants, via subpoena to NDOC or by deposing NDOC personnel. Perhaps one of Johnson's co-workers has information about where he is, or NDOC has a middle initial that may help develop a lead on his current location. Nor does it appear that the investigator questioned neighbors of Johnsons' last known address to see if they have any information about his whereabouts. With no information that Mr. Johnson is event still in the State of Nevada, the court is reluctant to grant a motion to serve him by publication through the suggested news outlets at this time.

The court denies Plaintiff's motion to serve Johnson by publication without prejudice.

**B. Extension of the Service Deadline**

The court will, however, grant Plaintiff's request for an extension of the deadline to serve Johnson with the summons and complaint. Plaintiff's motion references both July 16, 2024 (ECF No. 24 at 1:17) and June 16, 2024 (*id.* at 4:20-21) as the requested extension deadline. The court

will give Plaintiff until July 16, 2024 to serve Johnson with the summons and complaint. If Johnson is not timely served by that date, he may be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### III. CONCLUSION

Plaintiff's motion (ECF No. 24) is **GRANTED IN PART AND DENIED IN PART**. The request to serve Johnson by publication is **DENIED WITHOUT PREJUDICE**. The request for an extension of the deadline to serve Johnson with the summons and complaint is **GRANTED**. Plaintiff has until **July 16, 2024**, to file a proof of service of the summons and complaint as to Johnson. If Johnson is not timely served, he may be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: April 25, 2024

_____
Craig S. Denney
United States Magistrate Judge

5