UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID AGUILAR, | Case No.: 3:23-cv-00547-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 38 |
| J. TAFELMEYER, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to amend and proposed first amended complaint (FAC). (ECF Nos. 38, 38-1.) Defendants filed a response. (ECF No.42.) Plaintiff filed a reply. (ECF No. 43.)

After a thorough review, it is recommended that Plaintiff's motion to amend be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). When he filed this action, he was proceeding pro se. He was subsequently appointed counsel.

The court screened Plaintiff's original complaint and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Johnson, Tafelmeyer, Mahon, and Sheeks and an Eighth Amendment deliberate indifference to serious medical needs claim against Tafelmeyer. Plaintiff alleges that Johnson entered the housing unit and struck Plaintiff in the face with his own headphones. Plaintiff responded by backhanding Johnson with his walking cane. Johnson ordered Plaintiff to stand up, and then Johnson punched Plaintiff in the face. Plaintiff

avers that Tafelmeyer, Mahon and Sheeks then arrived and ordered the other inmates to leave and proceeded to beat and tase Plaintiff after he was placed in mechanical restraints. He suffered injuries that required him to uses a wheelchair for six months, followed by a walker. He notes that he was partially blind during this incident because he had recently had surgery to correct a cataract. He claims that Tafelmeyer refused to allow Plaintiff to receive medical care, and he did not receive medical care until he was transferred to another facility the following day.

Plaintiff moves to file the FAC to address technical issues in the original complaint and add a claim for relief under the Americans with Disabilities Act (ADA) against NDOC.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

When reviewing the adequacy of a complaint under section 1915A, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

The court recommends that Plaintiff's motion for leave to amend be denied because amendment would be futile as Plaintiff fails to state a claim under the ADA. In addition, Plaintiff's proposed FAC attempts to include all Defendants in the Eighth Amendment deliberate

indifference to serious medical needs claim, but the only Defendant alleged to have refused Plaintiff medical care is defendant Tafelmeyer.

As noted above, Plaintiff was permitted to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Tafelmeyer based on his alleged refusal to allow Plaintiff to receive medical care for his injuries after the alleged excessive force incident. The proposed FAC includes an Eighth Amendment claim for deliberate indifference to serious medical needs against *all four* Defendants but there are no allegations that any of the other defendants were involved in the decision to not allow Plaintiff to receive medical care. Therefore, Plaintiff should not be permitted to amend to assert the medical care claim against *all* the Defendants.

Next, the proposed FAC attempts to assert a claim under Title II of the ADA against NDOC. It alleges that Plaintiff is a qualified individual with a disability because he has glaucoma in both eyes and had recently undergone cataract surgery and was partially blind at the time of the incident. Plaintiff avers he was subject to discrimination based on his disability because NDOC failed to accommodate his disability by: (a) failing to properly train its officers on how to interact with visually impaired inmates; (b) using excessive force against a visually impaired inmate; (c) denying immediate medical care to a visually impaired inmate after the use of force.

Plaintiff fails to state a claim under the ADA.

The ADA applies in the prison context. *See United States v. Georgia*, 546 U.S. 151, 154 (2006); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007). Title II of the ADA prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). It provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or denied the benefits of the services, programs, or

4

activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added).

Therefore, to state a claim under Title II of the ADA, a plaintiff must allege:

> (1) He is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entities' services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn*, 502 F.3d at 1060 (quotation marks and citation omitted)

An inmate may state a Title II discrimination claim based on the "alleged deliberate refusal to accommodate [his] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" *Georgia,* 546 U.S. at 157.

Discrimination under the ADA also includes a public entity's failure to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability[.]" 28 C.F.R. § 35.130(b)(7).

Plaintiff has not included allegations in the proposed FAC to plausibly allege that he was discriminated against *because of* his disability. Instead, his allegation that he is a qualified individual with a disability is ancillary to the factual allegations that give rise to his claims under the Eighth Amendment.

Plaintiff does not plausibly allege that he was subject to excessive force or denied medical care following the use of excessive force *because* he was visually impaired. In fact, there are no allegations connecting the officers purported conduct with his disability at all.

In sum, the motion for leave to amend should be denied and Plaintiff should proceed as discussed in the order screening the original complaint with the Eighth Amendment excessive force claim against Tafelmeyer, Johnson, Mahon and Sheeks, and the Eighth Amendment deliberate indifference to serious medical needs claim against Tafelmeyer.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 38). Plaintiff should proceed with his Eighth Amendment excessive force claim against Tafelmeyer, Johnson, Mahon and Sheeks, and the Eighth Amendment deliberate indifference to serious medical needs claim against Tafelmeyer as discussed in the order screening his original complaint.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 9, 2024

_____
Craig S. Denney
United States Magistrate Judge