**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID AGUILAR,

    Plaintiff

v.

TAFELMEYER, et al.,

    Defendants

Case No.: 3:23-cv-00547-ART-CSD

**Order**

Re: ECF No. 47

Before the court is Plaintiff's second motion for leave to amend his complaint and proposed first amended complaint (FAC). (ECF Nos. 47, 47-1) Defendants filed a response. (ECF Nos. 54, 54-1.) Plaintiff filed a reply. (ECF No. 55.)

For the reasons set forth below, the motion is granted.

## I. BACKGROUND

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). When he filed this action, he was proceeding pro se, but he was subsequently appointed pro bono counsel.

The court screened Plaintiff's original complaint and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Johnson, Tafelmeyer, Mahon, and Sheeks, and an Eighth Amendment deliberate indifference to serious medical needs claim against Tafelmeyer.

Plaintiff, through his counsel, then filed a motion for leave to amend and proposed amended complaint to add a claim for relief under the Americans with Disabilities Act (ADA) against NDOC. (ECF Nos. 38, 38-1.)

The undersigned issued a report and recommendation that the motion to be denied because Plaintiff did not state a plausible claim for relief under the ADA, and the Eighth Amendment deliberate indifference to serious medical needs claim was asserted against all four individual defendants, but there were only allegations regarding a denial of medical care as to Tafelmeyer. (ECF No. 45.)

Plaintiff then withdrew the motion for leave to amend (ECF No. 46), rendering the report and recommendation moot. Plaintiff has filed a new motion for leave to amend and proposed FAC. (ECF Nos. 47, 47-1.) The proposed FAC once again seeks to include an ADA claim against NDOC, as well as an Eighth Amendment deliberate indifference to serious medical needs claim against only Tafelmeyer, and an Eighth Amendment excessive force claim against Johnson, Tafelmeyer, Mahon, and Sheeks.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

1  In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915A(b)(1) tracks that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of]

3

a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

Defendants argue that amendment would be futile because Plaintiff failed to exhaust administrative remedies; however, the court must take Plaintiff's allegations as true for pleading purposes, and exhaustion is an affirmative defense that must be raised in a motion for summary judgment unless the failure to exhaust is clear from the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Here, exhaustion is not clear from the face of the complaint, and is not properly raised in response to Plaintiff's motion for leave to amend. Therefore, this is not a basis to deny the motion for leave to amend.

Defendants also argue that amendment is futile because Plaintiff fails to articulate an ADA claim.

The court finds that, unlike the previous proposed amended complaint, Plaintiff states a colorable claim for relief under the ADA against NDOC.

Title II of the ADA, which prohibits discrimination on the basis of disability, applies in the prison context. *See United States v. Georgia*, 546 U.S. 151, 154 (2006); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

A plaintiff must allege:

> (1) He is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public

4

> entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entities' services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn*, 502 F.3d at 1060 (quotation marks and citation omitted).

An inmate may state a Title II discrimination claim based on the "alleged deliberate refusal to accommodate [his] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" *Georgia*, 546 U.S. at 157.

Plaintiff alleges that he is a qualified individual with a disability and that NDOC failed to provide him with a requested red or yellow vest for vision-impaired inmates; failed to properly train its officers on how to interact with and accommodate visually impaired inmates, which led to Johnson harassing him for issues directly related to his vision impairment, and ultimately, the excessive force incident that is the subject of this litigation. In addition, he alleges that NDOC failed to adjust mealtime allowances and other daily routines to accommodate Plaintiff's slower pace due to his visual impairment, failed to maintain Plaintiff's living space in a manner to accommodate his visual impairment, and failed to appropriately classify and house him to ensure his safety and access to necessary accommodations for a visually impaired inmate. Plaintiff alleges the failure to provide accommodations included Johnson's initial use of force by striking Plaintiff with his headphones without ensuring Plaintiff could hear and understand his commands, and then beating and tasing Plaintiff while restrained, despite his obvious vulnerability due to his visual impairment. He further alleges that the refusal to allow him medical care after the incident disregarded the heightened risk of injury due to his pre-existing eye conditions.

Taking the allegations as true, Plaintiff sufficiently alleges a violation of Title II of the ADA by NDOC.

Defendants also assert that Nevada has refused to waive its immunity under the Eleventh Amendment, and that section 1983 does not abrogate Eleventh Amendment immunity; however, this claim is brought under Title II of the ADA, and not section 1983. "[T]he Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151, 126 S.Ct. 877, 163 Led. 650 (2006), … requires courts to analyze on a claim-by-claim basis whether Title II validly abrogates state sovereign immunity as to the specific class of conduct at issue." *Kohn v. State Bar of Cal.*, 119 F.4th 693, 696 (9th Cir. 2024). Defendants have not asserted an argument based on *Georgia*, and the court will not address it *sua sponte* here. At this juncture, the court will allow Plaintiff to proceed with the Title II ADA claim against NDOC.

Finally, Defendants make an argument under Federal Rule of Civil Procedure 15(d), which governs supplemental pleadings, and is not at issue here.

In sum, for pleading purposes, Plaintiff has adequately alleged a claim under Title II of the ADA against NDOC. Plaintiff also states colorable claims under the Eighth Amendment for deliberate indifference to his serious medical needs against Tafelmeyer and for excessive force against Tafelmeyer, Johnson, Mahon and Sheeks, for the reasons stated in the original screening order.

## IV. CONCLUSION

Plaintiff's motion for leave to amend (ECF No. 47) is **GRANTED**.

The Clerk shall **FILE** the FAC (ECF No. 47-1).

Within **14 days** of the date of this Order, the Attorney General's Office shall file a notice indicating whether it will accept service of the FAC on behalf of NDOC.

6

Within **21 days** of the date of this Order, Defendants shall file an answer or otherwise respond to the FAC.

**IT IS SO ORDERED**.

Dated: December 12, 2024

_____
Craig S. Denney
United States Magistrate Judge