Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID AGUILAR,<br><br>    Plaintiffs,<br><br>    V.<br><br>J. TAFELMEYER, et al.,<br><br>    Defendant(s). | Case No.: 3:23-cv-00547-ART-CSD<br><br>**PLAINTIFF'S FIRST DISCOVERY MOTION** |

COMES NOW, Plaintiff David Aguilar, by and through the undersigned counsel, and hereby files the following Motion Regarding Discovery Dispute in this matter against Defendant NEVADA DEPARTMENT OF CORRECTIONS (NDOC), in accordance with the Civil Standing Order of Magistrate Judge Craig S. Denney issued on January 27, 2022.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

A statement of the unresolved issues: On January 6, 2025, the Plaintiff served First Requests for Production to Defendant Nevada Department of Corrections (NDOC), attached hereto as Exhibit 1. Pursuant to FRCP 34(b)(2)(A), NDOC's responses were due within 30 days, on or before February 5, 2025. To date, NDOC has failed to provide any responses to these requests despite multiple communications, calls, and broken promises from counsel for NDOC as to when the documents would be disclosed.

On February 10, 2025, Plaintiff's counsel emailed NDOC's counsel, Mark Hackmann, Esq., inquiring about the overdue responses (see Exhibit 2). On February 23, 2025, after receiving no response, Plaintiff's counsel followed up again, noting that Mr. Hackmann had previously requested an extra week on February 5, 2025, to complete the responses, yet no documents were provided. On February 26, 2025, Plaintiff's counsel requested a formal meet-and-confer due to the continued lack of response. On February 27, 2025, Mr. Hackmann apologized, citing emergency leave, turnover, and trial commitments, and promised to provide responses "asap," offering a telephonic meet-and-confer for February 28, 2025. On March 3, 2025, Mr. Hackmann again promised delivery of responses that day, acknowledging their necessity for Plaintiff's expert witness deadlines, but failed to deliver. These repeated delays and unfulfilled commitments have persisted despite Plaintiff's good-faith efforts to resolve the issue informally.

The unresolved issue is whether NDOC should be ordered by the Court to produce all records requested by the Plaintiff in Requests for Production Nos. 1-34, attached hereto as Exhibit 1.

A summary of the moving party's position: Under FRCP 34, a party may serve a request for production within the scope of FRCP 26(b). The parties' Stipulated Discovery Plan and Scheduling Order [ECF No. 65], filed March 11, 2025, states that discovery may be conducted on all discoverable matters relevant to the issues raised by the Complaint. The Plaintiff's Complaint alleges violations of his Eighth Amendment rights under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), stemming from an incident on September 13, 2021, involving excessive use of force, failure to accommodate his visual impairment and mobility issues, and inadequate medical care thereafter.

The requested documents—including video and audio recordings of the September 13, 2021 incident, personnel files, disciplinary records, medical records, NDOC policies, and internal investigation reports—are relevant to this action because they pertain to persons, times, and subject matters at issue in this litigation. These requests are proportional to the needs of the case because the requested materials would contain information that could prove or disprove Plaintiff's claims of constitutional violations, disability discrimination, and inadequate medical treatment. Notably, based on the current discovery schedule [ECF No. 65], expert witness disclosures are due May 1, 2025, and the requested documents are critical for Plaintiff's experts to complete reports regarding his medical condition and damages resulting from the incident.

The moving party's requested compromise or resolution of the issue: The Plaintiff would like to have an informal discussion of this issue with the assistance of the Magistrate Judge in an effort to persuade NDOC to comply with its discovery obligations in this case and to disclose all responsive documents to Requests for Production Nos. 1-34.

The Plaintiff believes that if NDOC continues to refuse to disclose the information in question, it should be compelled to make the disclosures by the Court under FRCP 37(a)(3)(B)(iv), and required to pay the Plaintiff's attorney's fees and costs based on its repeated and groundless refusal to produce what are clearly relevant records.

Dated: Mar 14, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

    Mark Hackmann, Esq.
    100 N. Carson St.
    Carson City, NV 89701
    813-340-1181
    Email: mhackmann@ag.nv.gov

Dated: Mar 14, 2025

By: */s/ Luke Busby, Esq.*
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*