AARON D. FORD
  Attorney General
MARK HACKMANN, Bar No. 16704
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1227
E-mail: mhackmann@ag.nv.gov

*Attorneys for Defendants Joseph Johnson,*
*Zachary Mahon, Skyler Sheets,*
*and Jeremy Tafelmeyer*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>J. TAFELMEYER; et al.,<br><br>    Defendants. | Case No. 3:23-cv-00547-ART-CSD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL [ECF NO. 66]** |

Defendants, Joseph Johnson, Zachary Mahon, Skyler Sheets and Jeremy Tafelmeyer, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Mark Hackmann, Deputy Attorney General, hereby oppose Plaintiff David Aguilar's Motion to compel discovery [ECF No. 66].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2025, Plaintiff served First Set of Requests for Production of Documents to Defendant Nevada Department of Corrections (NDOC). On February 5, 2025, Plaintiff's and undersigned counsel stipulated to an extension to respond to Plaintiff's requests. On or about February 28, 2025, the Parties held a telephonic meet and confer regarding the overdue responses. The Parties stipulated to an extension of discovery deadlines in order to provide Defendant additional time to properly respond to Plaintiff's requests. The stipulation also intended to provide Plaintiff additional time to analyze

Page **1** of **6**

Defendant's responses regarding expert witnesses. On March 11, 2025, this Court granted the Stipulation to Extend Discovery and provided an amended scheduling order to accommodate the delay is Defendant's response. ECF No. 65. On March 28, 2025, Defendants mailed their responses to Plaintiff.

As such, this Court should deny Aguilar's motion to compel because it is moot.

## II. LEGAL STANDARD

### A. Motion to Compel Standard

A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers. *See Moreno Rivera v. DHL Global Forwarding*, 272 F.R.D. 50 (D.P.R. 2011). The Court has wide discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). If no claim of privilege applies, the production of evidence can be compelled regarding any matter that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

While "relevance" is defined broadly, *Moe v. System Trans., Inc.*, 270 F.R.D. 613, 618 (D. Mont. 2010), "[t]he 2015 Amendment to Rule 26(b)(1) emphasized the importance of proportionality in discovery requests," *Frost v. BNSF Rwy. Co.*, 218 F.Supp.3d 1122, 1134 (D. Mont. 2016) (citing 2015 Committee Notes). "However, the change was not intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.* (internal quotation marks omitted). While the party seeking discovery has the burden to show the relevancy of the request, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *McCall v. St. Farm Mut. Auto. Ins. Co.*, 2017 WL

///

3174914, at *6 (D. Nev. July 26, 2017) (quoting *In re Bard IVC Filters Prods.*, 317 F.R.D. 562, 563 (D. Ariz. 2016)).

Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26-6. Pursuant to LR IA 1-3(f) meet and confer means to communicate directly and discuss in good faith the issues required under the particular court order. LR IA 1-3(f). This requirement is reciprocal and applies to all participants. *Id*. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. *Id*. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement. *Id*. The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication. LR IA 1-3(f)(1).

"[T]he party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Ciolino v. Dzurenda*, Case No. 2:19-cv-00520-MMD-CLB, 2021 WL 5817895, at *2 (D. Nev. Nov. 17, 2021) (citing *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."); *see also* LR 26-6(b) (requiring discovery motion to include the full text of discovery originally sought and the response to it).

### B. Mootness

A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen,* 392 U.S. 83, 95 (1968). An exception to the mootness doctrine exists where a claim is "capable of repetition yet evading review." *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1509 (9th Cir. 1994); *Wiggins v Rushen,* 760 F.2d 1009, 1011 (9th Cir. 1985). This exception is limited to extraordinary circumstances where two elements combine: (1) the challenged action is of limited duration, too short to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Id*.

## III. LEGAL ARGUMENT

### A. Aguilar's Request Is Moot Because The Discovery He Seeks To Compel Has Been Provided To Him

In *Slone v. Dep't of Ariz. Corr.*, the Ninth Circuit held that a district court properly denied an inmate's "motion to compel discovery as moot after [Department of Corrections] defendants complied with the discovery request." 308 Fed. Appx. 110, 111, 2009 WL 118952, at *1 (9th Cir. 2009). Defendants have responded to all outstanding discovery requests which require a response. Additionally, Defendants have sent Aguilar supplemental initial disclosures. If, for any reason, Plaintiff requires additional time for discovery, Defendants will stipulate to an extension.

///
///
///
///
///
///
///

## III. CONCLUSION

For the reasons stated above, this Court should deny Aguilar's motion to compel because Aguilar's motion is moot.

DATED this 28th day of March 2025.

                AARON D. FORD
                Attorney General

            By:   */s/ Mark Hackmann*
                     MARK HACKMANN, Bar No. 16704
                      Deputy Attorney General

                *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 28, 2025, I electronically filed the foregoing, **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

Luke Busby, Esq.
316 California Ave.
Reno, NV 89509

/s/ *Karen Easton*
An employee of the
Office of the Nevada Attorney General