Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID AGUILAR,<br><br>　　Plaintiffs,<br><br>　　V.<br><br>J. TAFELMEYER, et al.,<br><br>　　Defendant(s). | Case No.: 3:23-cv-00547-ART-CSD<br><br>**PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** |

　　COME NOW Plaintiff DAVID AGUILAR, by and through the undersigned counsel, pursuant to the Civil Standing Order of U.S. Magistrate Judge Craig S. Denney, and files this Motion Regarding Discovery Dispute to compel Defendants J. Tafelmeyer, Joseph Johnson, Zachary Mahon, and Skyler Sheeks to produce responses to Plaintiff's First Set of Interrogatories and to produce documents responsive to Plaintiff's Request for Production, Set One, specifically personnel files and disciplinary records (Requests Nos. 9-16). Plaintiff further requests sanctions, including entry of default judgment, due to Defendants' complete failure to respond to interrogatories and

unjustified refusal to produce personnel and disciplinary records, in violation of Federal Rules of Civil Procedure 33 and 34.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Unresolved Issues

Defendants have failed to provide any responses to Plaintiff's First Set of Interrogatories, served on April 7, 2025, despite the 30-day response deadline under Fed. R. Civ. P. 33(b)(2) and a stipulated 10-day extension.

Additionally, Defendants have refused to produce any documents responsive to Requests for Production Nos. 9-16, seeking their personnel files and disciplinary records, asserting boilerplate objections of irrelevance, disproportionality, overbreadth, and official information privilege without sufficient justification (NDOC Responses to First RFP in Exhibit 1. These failures obstruct Plaintiff's ability to prosecute his claims of excessive force, deliberate indifference, and ADA violations arising from the September 13, 2021 incident at Northern Nevada Correctional Center (NNCC).

### Summary of Plaintiff's Position

Under Fed. R. Civ. P. 33(b)(2), Defendants were required to serve answers and objections to Plaintiff's interrogatories in Exhibit 2 within 30 days of service (by May 7, 2025), extended by agreement to May 17, 2025. As of June 4, 2025, Defendants have not produced responses. This complete failure to respond violates Rule 33 and warrants sanctions under Rule 37(d)(1)(A)(ii), including default judgment, as it prejudices Plaintiff's ability to establish Defendants' knowledge, actions, and intent during the incident. The interrogatories seek critical information, such as Defendants' knowledge

of Plaintiff's disabilities, their use of force, and training on disability accommodations, directly relevant to Plaintiff's Eighth Amendment and ADA claims.

Defendants' delay lacks substantial justification. Their non-response prevents Plaintiff from assessing their defenses or preparing for depositions, justifying entry of default judgment under Rule 37(b)(2)(A)(vi) to deter such noncompliance.

Defendants' refusal to produce any personnel files or disciplinary records (Exhibit 1 Requests Nos. 9-16) is unjustified under Fed. R. Civ. P. 34. Defendants object on grounds of irrelevance, disproportionality, overbreadth, and official information privilege, citing *Manley v. Zimmer*, 2013 WL 5592328 (D. Nev. Oct. 9, 2013) (NDOC Responses, pp. 6-10). These objections are boilerplate and misapply *Manley*, which ordered production of redacted personnel records relevant to excessive force claims (id. at *17-18). The requested records are highly relevant to Plaintiff's claims that Defendants used excessive force and disregarded his visual impairment (Am. Compl. ¶¶ 46-57, 63-65). Prior misconduct or disciplinary history could show a pattern of behavior or inadequate training, as recognized in *Manley* (id. at *10).

Defendants' blanket refusal, without offering redacted documents or a privilege log as required by Rule 26(b)(5)(A), violates Rule 34(b)(2)(C), which mandates specifying whether materials are withheld. Their reliance on *Manley* is misplaced, as it rejected NDOC's confidentiality objections and permitted discovery with redactions (id. at *12). The records are proportional to the case's needs, given the severity of Plaintiff's alleged injuries (e.g., wheelchair confinement for six months) and the public interest in addressing constitutional violations in prisons (Fed. R. Civ. P. 26(b)(1)). Defendants'

failure to produce any documents, even in redacted form, constitutes an evasive response under Rule 37(a)(4), warranting an order to compel production or sanctions.

**Certification of Meet and Confer Efforts**

Pursuant to Judge Denney's Civil Standing Order (Section V.B) and Fed. R. Civ. P. 37(a)(1), Plaintiff's counsel certifies that good-faith efforts were made to resolve this dispute. On March 31, 2025, Plaintiff sent a meet-and-confer letter to Defendants' counsel, Mr. Hackmann, addressing NDOC's inadequate responses to the Request for Production (Meet and Confer Letter See Exhibit 3).

On April 4, 2025, counsel conferred telephonically, where Mr. Hackmann agreed to provide supplemental disclosures in PDF format and medical records but did not commit to producing personnel or disciplinary records (email in Exhibit 4, April 4, 2025). On May 15, 2025, Plaintiff reiterated concerns about the interrogatory responses and personnel records, granting a 10-day extension (email, May 15, 2025). *Id.* Mr. Hackmann confirmed on May 25, 2025, that responses for Tafelmeyer and Johnson were delayed due to their non-employment with NDOC, but no responses have been received for these defendants, and no personnel or disciplinary records have been produced (email, May 25, 2025). The dispute remains unresolved.

**Plaintiff's Requested Resolution**

**Sanctions for Non-Response to Interrogatories:** Enter default judgment against Defendants under Rule 37(b)(2)(A)(vi) for their complete failure to respond to interrogatories, as their non-compliance is not substantially justified and severely prejudices Plaintiff's case. Alternatively, compel responses within 7 days (by June 11,

2025) and impose monetary sanctions, including Plaintiff's reasonable expenses and attorney's fees, under Rule 37(d)(3).

**Compel Production of Personnel and Disciplinary Records:** Order Defendants to produce personnel files and disciplinary records responsive to Requests Nos. 9-16, redacted as necessary, by June 11, 2025, or submit them for in camera review to resolve privilege claims, as in *Manley*. Alternatively, impose sanctions under Rule 37(b)(2)(A)(i)-(ii), such as deeming facts related to Defendants' prior misconduct established or prohibiting Defendants from opposing Plaintiff's claims of excessive force and ADA violations.

**Conclusion**

Defendants' failure to respond to interrogatories and produce personnel and disciplinary records violates Rules 33 and 34, obstructing Plaintiff's ability to pursue his claims. Plaintiff respectfully requests that the Court grant this motion, impose default judgment or compel responses, and award appropriate sanctions to ensure compliance and fairness.

Dated: Jun 4, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**Exhibit List**

Ex 1: NDOC Responses to Plaintiff's Request for Production, Set One (March 28, 2025)

Ex 2: Plaintiff's First Set of Interrogatories to Defendants (April 7, 2025)

Ex 3: Meet and Confer Letter to Mark Hackmann (March 31, 2025)

Ex 4: Email Correspondence between Luke Busby and Mark Hackmann (March 31, 2025 – May 25, 2025)

CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Mark Hackmann, Esq.
100 N. Carson St.
Carson City, NV 89701
813-340-1181
Email: mhackmann@ag.nv.gov

Dated: Jun 4, 2025

By: */s/ Luke Busby, Esq.*
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

7