Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DAVID AGUILAR,

    Plaintiffs,

    V.

J. TAFELMEYER, et al.,

    Defendant(s).

Case No.: 3:23-cv-00547-ART-CSD

**PLAINTIFF'S MOTION TO COMPEL THE NEVADA DEPARTMENT OF CORRECTIONS TO ALLOW CONTINUING ZOOM VISITS**

    COME NOW Plaintiff DAVID AGUILAR, by and through his undersigned counsel, and respectfully moves this Court to issue an order compelling the Nevada Department of Corrections (NDOC) to permit continuing Zoom video visits between Plaintiff and his counsel for the duration of this litigation. This motion is supported by the following memorandum of points and authorities, the attached Exhibit 1 (email correspondence), and all pleadings and papers on file in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiff David Aguilar, an inmate at the Northern Nevada Correctional Center (NNCC), is represented by undersigned counsel in the above-captioned matter. Effective communication between Plaintiff and his counsel is essential to ensure Plaintiff's constitutional right to access the courts and to pursue his claims in this litigation. While NDOC has previously allowed a Zoom visit on February 17, 2025, as a one-time accommodation (Exhibit 1, p. 3), it has stated that all future attorney-client visits must be conducted in person unless a court order or parole board interview requires otherwise (Id.). Plaintiff seeks an order compelling NDOC to permit continuing Zoom video visits, as such visits are necessary due to counsel's time constraints, the need to share and review documents with Plaintiff, and the undue financial burden imposed by NNCC's telephone system. The minimal burden on NDOC is significantly outweighed by Plaintiff's need for effective and efficient communication with his counsel.

II. FACTUAL BACKGROUND

Plaintiff is incarcerated at NNCC and is represented by counsel. On February 5, 2025, counsel requested an attorney-client visit with Plaintiff, initially seeking an in-person meeting but later inquiring about the possibility of a Zoom video visit (Exhibit 1, pp. 1, 3). On February 12, 2025, Denicka Angeles, Administrative Assistant II at NNCC, informed counsel that Zoom calls are permitted only if stated in a court order or for parole board interviews but allowed a one-time Zoom visit on February 17, 2025, due to a holiday (Exhibit 1, p. 3).

On June 21, 2025, counsel attempted to schedule another Zoom visit with Plaintiff for June 26, 2025, but received no response from Ms. Angeles (Exhibit 1, p. 4). A follow-up email on June 25, 2025, also went unanswered, prompting counsel to seek assistance from Deputy Attorney General Mark Hackmann, who inquired with Ms. Angeles about accommodating the request (Id.). The lack of response underscores the difficulty in arranging timely communication with Plaintiff under NDOC's current restrictions.

This litigation requires frequent and detailed communication between Plaintiff and counsel, including the review of discovery documents, interrogatory responses (see Motion re Zoom Visits.pdf, p. 1), and other case-related materials. The distance between counsel's office in Reno and NNCC in Carson City, combined with counsel's professional obligations, makes in-person visits time-prohibitive. Moreover, the undersigned believes that NNCC's telephone system imposes significant costs on Plaintiff, which Zoom visits would avoid while providing a superior means of communication through document-sharing capabilities.

III. STANDARD

The Court has inherent authority to issue orders necessary to manage litigation and ensure access to justice. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Incarcerated plaintiffs have a constitutional right to meaningful access to the courts, which includes the ability to communicate effectively with counsel. See *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Courts may order correctional facilities to provide reasonable accommodations to facilitate attorney-client communication, particularly

when alternative methods impose undue burdens or are inadequate. See, e.g., *Casey v. Lewis*, 4 F.3d 1516, 1520 (9th Cir. 1993).

IV. ARGUMENT

Counsel's office is located in Reno, Nevada, approximately 30 miles from NNCC in Carson City. The round-trip drive, including travel time, parking, and security processing at NNCC, consumes at least two to three hours per visit, excluding the time spent meeting with Plaintiff. As a solo practitioner with multiple clients and court obligations, counsel faces significant time constraints that make frequent in-person visits to NNCC impracticable. Zoom visits eliminate travel time, allowing counsel to meet with Plaintiff more frequently and efficiently, thereby ensuring timely case preparation and compliance with court deadlines.

B. Zoom Visits Are Essential for Sharing and Reviewing Documents

This litigation involves complex discovery, including interrogatories, document production, and other materials that Plaintiff must review with counsel to make informed decisions. Zoom's screen-sharing functionality allows counsel to display documents in real-time, ensuring that Plaintiff can read, discuss, and provide input on case materials during the visit. In-person visits, while feasible, require counsel to transport physical copies of documents, which may be voluminous, and do not allow for dynamic interaction with digital files. NNCC's telephone system lacks any document-sharing capability, rendering it wholly inadequate for this purpose.

The prior Zoom visit on February 17, 2025, demonstrates NDOC's ability to facilitate such calls (Exhibit 1, p. 3). Continuing Zoom visits would enable counsel to

efficiently share and review critical documents, such as the interrogatory responses received in June 2025, without the logistical challenges of in-person meetings.

NDOC's stated policy limits Zoom visits to court-ordered or parole-related matters (Exhibit 1, p. 3). However, NDOC has already demonstrated its capacity to accommodate Zoom visits, as evidenced by the February 17, 2025, call. The administrative burden of scheduling and facilitating a Zoom call—requiring only a secure internet connection, a device, and minimal staff supervision—is negligible compared to the burden of arranging in-person visits, which involve security screenings, staff escorts, and dedicated meeting spaces.

Plaintiff's constitutional right to access the courts and communicate with counsel far outweighs any minor inconvenience to NDOC. Denying Zoom visits risks hindering Plaintiff's ability to participate meaningfully in his case, potentially violating his due process rights. The Court should order NDOC to permit continuing Zoom visits to ensure Plaintiff's access to justice.

Ounel believes NNCC's telephone system imposes significant per-minute costs on inmates, which Plaintiff, as an incarcerated individual with limited financial resources, must bear. These costs accrue rapidly during attorney-client calls, particularly when discussing complex legal matters that require extended conversations. Zoom visits, in contrast, incur no cost to Plaintiff and provide a superior platform for communication through video and document-sharing capabilities.

Forcing Plaintiff to rely on the telephone system places an unnecessary financial burden on him, especially when NDOC has the infrastructure to support Zoom visits, as shown by the February 2025 accommodation (Exhibit 1, p. 3). Equity and fairness

dictate that Plaintiff should not be penalized for his indigence or incarceration when a cost-free, effective alternative exists.

The delay in NDOC's response to counsel's request for a Zoom visit demonstrates the need for a designated point of contact to streamline scheduling and ensure timely communication. Requiring NDOC to respond to visit requests within one business day will prevent delays that could prejudice Plaintiff's ability to pursue his claims, consistent with his constitutional right to access the courts. See Lewis v. Casey, 518 U.S. at 350-51.

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court order the Nevada Department of Corrections to designate a point of contact to arrange Zoom video visits for attorney-client communications in this case and to respond to such requests within one business day, ensuring timely and effective access to the courts as required by *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

Dated: Jun 27, 2025

By: */s/ Luke Busby, Esq.*
Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

    Mark Hackmann, Esq.
    100 N. Carson St.
    Carson City, NV 89701
    813-340-1181
    Email: mhackmann@ag.nv.gov

Dated: Jun 27, 2025

By: */s/ Luke Busby, Esq.*
    Luke Busby, Esq.
    Nevada State Bar #10319
    316 California Avenue
    Reno, Nevada 89509
    Phone (775) 453-0112
    luke@lukeandrewbusbyltd.com
    *Attorney for the Plaintiff*