AARON D. FORD
 Attorney General
MARK HACKMANN, Bar No. 16704
 Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1227
E-mail: mhackmann@ag.nv.gov

*Attorneys for Defendants Joseph Johnson,
Zachary Mahon, Skyler Sheets,
and Jeremy Tafelmeyer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID AGUILAR, | Case No. 3:23-cv-00547-ART-CSD |
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** |
| J. TAFELMEYER; et al., | |
| Defendants. | |

Defendants, Joseph Johnson, Zachary Mahon, Skyler Sheets and Jeremy Tafelmeyer, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Mark Hackmann, Deputy Attorney General, hereby responds to Plaintiff's Motion Regarding Discovery Dispute (ECF No. 69).

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 6, 2025, Plaintiff served First Set of Requests for Production of Documents (RFP) to Defendant Nevada Department of Corrections (NDOC). Defendants responded to the RFP on March 31, 2025. On April 4, 2025, counsel for the Parties held a meet and confer regarding Plaintiff's concerns about the responses to the RFP. On that call, undersigned counsel offered Plaintiff's counsel a privilege log and Plaintiff's counsel responded, paraphrasing, "I'm not sure that will do, let me think about it and get back to

---

[1] *See generally* Exhibit D

Page **1** of **7**

you." May 8-12, 2025, Plaintiff's Counsel followed up regarding his position on the personnel records and undersigned counsel responded accordingly. Pl. Ex. 4 at 4-5.

On April 10, 2025, Plaintiff served his First Set of Interrogatories to Defendants Johnson, Mahon, Sheeks, and Tafelmeyer. On May 11, 2025, undersigned counsel requested an extra 10 days to respond to the Interrogatories as Defendants no longer work for NDOC and one of them no longer resides in Nevada, which resulted in a delay in being able to finalize the responses. On May 12, 2025, Plaintiff's Counsel agreed to the extension. On May 22, 2025, Plaintiff's counsel inquired about the responses to the Interrogatories. On May 25, 2025, undersigned counsel informed Plaintiff's counsel that the responses would be sent by the end of the week. Defendant Sheeks responses were received by Plaintiff's Counsel on June 4, 2025. ECF No. 70.

On June 4, 2025, Plaintiff's Counsel filed his instant Motion Regarding Discovery Dispute regarding the outstanding responses to Interrogatories from Defendants Johnson, Mahon, and Tafelmeyer, and the personnel files requested in the RFP.

## II.     LEGAL STANDARD

If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (vi) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)

FRCP 37(d)(3) provides, in relevant part, that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure

1 was substantially justified or other circumstances make an award of expenses unjust.

2 Federal courts have recognized a qualified privilege for "official information." *Manley v. Zimmer*, No. 3:11-CV-00636-RCJ, 2013 WL 5592328, at *12 (D. Nev. Oct. 9, 2013); *See Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 198 (9th Cir. 1975). Personnel files and complaints made against government employees have been considered "official information." *Id.*; *See also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990) (citation omitted). When a party asserts this privilege, courts must engage in a balancing analysis to determine whether the potential benefits of disclosure outweigh the potential disadvantages. *Id.*; *See also Sanchez*, 936 F.2d at 1033 (citation omitted); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D.Cal.1992); Kelly, 114 F.R .D. at 656.

[T]he court agrees with Defendants' argument that [the] request…should be limited to reports, investigations, claims or complaints of excessive force and failure to protect against a named defendant from January 1, 2007, to the present. *Id.* at 9. The request also seeks documents concerning "other misconduct," and the court concludes this portion of the request is vague, ambiguous, and overbroad and seeks irrelevant information. *Id.*

Default judgment as a sanction for discovery violations is appropriate under Ninth Circuit case law only in extreme circumstances and after considering less drastic sanctions. *RG Abrams Insurance v. Law Offices of C.R. Abrams*, 342 F.R.D. 461 (2022).

### III. LEGAL ARGUMENT

#### A. Responses to Interrogatories

Here, while Defendants responded late to the discovery requests, and there are pending discovery disputes between the Parties that may need this Court's intervention, entry of default judgment under Fed. R. Civ. P. 37(b)(2)(A)(vi) is only applicable where the party who fails to respond, does so in defiance of an order to respond. Because the request for default judgment does not apply to the current facts, this request should be denied.

Defendants have not been persistently unresponsive to either informal requests or formal court orders. Undersigned counsel has consistently communicated with Plaintiff's counsel that while responses to Interrogatories are late, they are acting in good faith in

obtaining the responses. Defendant Sheeks responses were served on May 30, 2025. Defendant Mahon and Tafelmeyer's responses have been received and will be sent within 7 days. Undersigned counsel has communicated with Defendant Johnson, who currently resides in Arizona, and anticipates his responses within 7 days and will serve the responses as soon as possible.

Additionally, monetary sanctions including reasonable expenses and attorney's fees are only appropriate where the failure to respond to discovery requests was not substantially justified or absent other circumstances making the award unjust. The difficulty in obtaining responses from Defendants that are no longer employed by NDOC - and one of which no longer lives within this jurisdiction - should be considered substantial justification in the delayed responses. Notably, Defendants are not refusing to respond, they only need extra time to provide the requested responses. Also, Defendants have continuously offered to stipulate to any extension of discovery deadlines to ensure that Plaintiff is not prejudiced by the delay in responding.

In further response, undersigned counsel apologizes to this Court and Plaintiff's counsel for failure to ensure effective communication in advance of needing additional time to respond.  Counsel will ensure that moving forward an open line of communication between the parties occurs, and that should any additional time be needed, that those requests are sought timely and professionally, with the hope that this Court's intervention will not be necessary.

### B. Personnel and Disciplinary Records

As discussed infra III(A), sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii) are only appropriate in instances where a party failing to respond is doing so in contravention of a court order. There has been no order from this Court to disclose the requested records, therefore the sanctions requested are inappropriate and should be denied.

Defendants objected to Plaintiff's RFP's 9-16 for personnel and disciplinary records as irrelevant, disproportional, overbroad and subject to official information privilege. *See* Ex. A. The requests are overbroad and disproportional per se because they request "[t]he

complete personnel file" and "[a]ll disciplinary records" for all four named Defendants. *Id.* at 6-10. Also, as laid out in *Manley*, when the request is not limited to specific records related to the claim in the matter, here excessive use of force, the request should be considered irrelevant as vague, ambiguous, and overbroad.

Additionally, *Manley* provides that courts must engage in a balancing analysis when determining whether to compel production of documents covered under official information privilege. While Defendants appreciate that this Court is not bound by state confidentiality laws, Defendants respectfully state that under the rules of federalism and comity, this Court should respectfully consider as persuasive authority the public policy of the State of Nevada regarding these documents. In this regard, the State of Nevada has determined that personnel files and disciplinary history for state employees are confidential records under NAC 284.718. *See* Ex. B. Plaintiff's RFP's in dispute do not limit their request to records related to his claim of excessive use of force. Personnel files contain private, confidential information about an employee and information related to the performance of job duties, none of which would the potential benefit of disclosure would outweigh the potential disadvantages.

Similarly, Plaintiff's requests for "All disciplinary records" tips the balance toward the potential disadvantages of disclosure outweighing the potential benefits as the request is not carefully crafted to consider the safety and security implications of disclosure of these records. Also, certain information contained within the personnel file and disciplinary history is considered confidential, non-public information according to the Peace Officer Bill of Rights pursuant to Nevada Revised Statute (NRS) 289.020-120. *See* Ex. C.

Because Defendants have not failed to comply with any order from this Court and that Plaintiff's RFP's 9-16 are overbroad, disproportional, and on balance the potential disadvantages of disclosure outweigh the potential benefits, this Court should deny Plaintiff's request to compel and request for sanctions.

///

### III. CONCLUSION

For the reasons stated above, this Court should deny Aguilar's motion to compel and motion for sanctions because Defendants have substantial justification in their delay to respond to interrogatories and dispute regarding disclosure of personnel and/or disciplinary records.

Respectfully submitted this 27th day of June, 2025.

AARON D. FORD
Attorney General

By: */s/ Mark Hackmann*
MARK HACKMANN, Bar No. 16704
Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on June 27, 2025, I filed the foregoing, **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically.

Luke Busby, Esq.
316 California Ave.
Reno, NV 89509

/s/ *Jamile Vazquez*
Jamile Vazquez, an employee of the
Office of the Nevada Attorney General