Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID AGUILAR, | Case No.: 3:23-cv-00547-ART-CSD |
| Plaintiffs, | **PLAINTIFF'S REPLY TO RESPONSE TO MOTION REGARDING DISCOVERY DISPUTE** |
| V. | |
| J. TAFELMEYER, et al., | |
| Defendant(s). | |

COMES NOW Plaintiff DAVID AGUILAR, by and through the undersigned counsel, submits this reply to Defendants' Response (ECF No. 74, filed June 27, 2025) to Plaintiff's Motion Regarding Discovery Dispute[1] (ECF No. 60, errata filed as ECF No. 70 on June 4, 2025).[2]

**I. MEET AND CONFER EFFORTS**

---

[1] Although Plaintiff initiated this discovery dispute under Judge Denney's Civil Standing Order, requiring a five-page "Motion Regarding Discovery Dispute") and the Court's proceedings have followed standard discovery motion briefing, prompting Plaintiff to submit this reply as a regular motion reply to address Defendants' arguments comprehensively.

[2] Plaintiff's filing of the errata (ECF No. 70) informed the Court that the undersigned counsel received Defendant Sheeks Interrogatory responses after the motion was filed.

Plaintiff satisfied the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and Judge Denney's Civil Standing Order (Section V.B).1 On March 31, 2025, Plaintiff's counsel sent a detailed letter to Defendants' counsel, Mark Hackmann, addressing deficiencies in the Nevada Department of Corrections' (NDOC) responses to Plaintiff's Request for Production, Set One, including the refusal to produce personnel and disciplinary records (Ex. 3, Meet and Confer Letter). On April 4, 2025, counsel held a telephonic conference, during which Mr. Hackmann agreed to provide supplemental disclosures in PDF format and medical records but refused to produce personnel or disciplinary records (Ex. 4, Email of April 4, 2025). On May 8, 2025, Plaintiff's counsel followed up, noting Defendants' agreement to provide updated medical records and to confer regarding personnel files. (Ex. 4, Email of May 8, 2025). On May 12, 2025, Plaintiff granted a 10-day extension for interrogatory responses, yet no responses were provided by Defendants Johnson, Mahon, or Tafelmeyer by the filing of Plaintiff's motion on June 4, 2025, accompanied by an errata (ECF No. 70) to update the Court on the fact that Defendant Sheeks provided responses to the Interrogatories (Ex. 4, Emails of May 12 and May 25, 2025). These efforts demonstrate good-faith attempts to resolve the disputes without court intervention, contrary to Defendants' suggestions (Response, ECF No. 74 at 2-3). Plaintiff's persistent efforts to resolve these disputes without court intervention are clearly adequate from the record and the requested discovery to the claims articulated in the amended complaint. Specifically, the interrogatories and personnel records are essential to proving Defendants' knowledge of Plaintiff's visual impairment, their use of force on September 13, 2021, and NDOC's failure to train officers on disability accommodations, all of

which underpin Plaintiff's Eighth Amendment and ADA claims (Am. Compl. ¶¶ 12-14, 46-57, 63-69). Defendants' refusal to engage meaningfully in resolving these disputes necessitates judicial intervention to ensure Plaintiff's access to evidence central to his constitutional and statutory claims.

## II. TOTAL FAILURE TO RESPOND TO INTERROGATORIES BY JONHSON, MAHON, AND TAFELMYER

Defendants Johnson, Mahon, and Tafelmyer have entirely failed to respond to Plaintiff's First Set of Interrogatories (Ex. 2, served April 7, 2025), as acknowledged by Defendants, who confirm only Defendant Sheeks provided responses (Response, ECF No. 74 at 2). This complete non-compliance violates Fed. R. Civ. P. 33 and warrants case-concluding sanctions under Fed. R. Civ. P. 37.

Under Rule 33(b)(2), a party must serve answers and objections to interrogatories within 30 days after service, unless a shorter or longer time is stipulated or court-ordered. Plaintiff stipulated to an extension until May 17, 2025 (Ex. 4, Email of May 12, 2025), but to date, no responses were provided by Johnson, Mahon, or Tafelmyer. The interrogatories seek critical information about Defendants' actions during the September 13, 2021 incident, where Plaintiff, a visually impaired inmate, was struck, beaten, and tased despite being in full mechanical restraints (Am. Compl. ¶¶ 12, 38). For example, the interrogatories probe Defendants' awareness of Plaintiff's glaucoma, recent cataract surgery, and partial blindness, which are central to establishing their malicious intent in using excessive force and deliberate indifference in denying medical care (Am. Compl. ¶¶ 47-49). They also address Defendants' training on handling disabled inmates, which is essential to proving NDOC's systemic failure to accommodate Plaintiff's disability

under the ADA (Am. Compl. ¶¶ 14, 63-65). The complete absence of responses from Johnson, Mahon, and Tafelmeyer—over 45 days past the extended deadline—severely prejudices Plaintiff's ability to prepare for depositions, assess Defendants' defenses, and substantiate claims of intentional misconduct and institutional negligence.

    This constitutes a total failure to respond under Rule 37(d)(1)(A)(ii), which permits sanctions for a party's failure to serve answers or objections to interrogatories. Rule 37(d)(2) clarifies that such failure is not excused by objections to the discovery, unless a motion for a protective order under Rule 26(c) is pending, which is not the case here. Defendants' claim of "substantial justification" due to Johnson and Tafelmeyer's non-employment status and Johnson's Arizona residence (Response at 3-4; Ex. D) is unavailing. Rule 33(b)(1)(A) requires the party to whom interrogatories are directed to respond, and no exemption exists for former employees or out-of-state residents. Courts have imposed sanctions for similar failures, as in *RG Abrams Insurance v. Law Offices of C.R. Abrams*, where the court granted sanctions for non-compliance with discovery orders, noting that Rule 37(d)(1)(A)(ii) authorizes sanctions for failing to serve interrogatory responses (342 F.R.D. 461, 470 (C.D. Cal. 2022)). This prejudice is particularly acute given the severity of Plaintiff's injuries, including major bruises, facial swelling, and confinement to a wheelchair for six months, all of which exacerbate the harm caused by Defendants' failure to provide discovery critical to proving their liability (Am. Compl. ¶¶ 42-44).

    The prolonged delay—over 45 days past the extended deadline—clearly prejudices Plaintiff's ability to prepare for depositions and assess defenses.

Defendants' claim that default judgment requires defiance of a court order (Response at 3) misstates the applicable standard under Fed. R. Civ. P. 37. Rule 37(d)(1)(A)(ii) explicitly authorizes sanctions for a party's complete failure to serve answers or objections to interrogatories, and Rule 37(d)(3) permits the Court to impose any sanction listed in Rule 37(b)(2)(A)(i)-(vi), including default judgment, without requiring a prior court order. In *RG Abrams Insurance*, the court affirmed that such sanctions are warranted for willful or prejudicial non-compliance with discovery obligations (342 F.R.D. at 470). Here, Defendants Johnson, Mahon, and Tafelmeyer's total failure to respond to Plaintiff's First Set of Interrogatories (Ex. 2, served April 7, 2025) for over 45 days past the extended deadline of May 17, 2025, is both willful and prejudicial, as it hinders Plaintiff's ability to prepare for depositions and substantiate claims (Discovery Dispute Motion at 2). Plaintiff requests that the Court impose terminating sanctions under Rule 37(d)(3) and Rule 37(b)(2)(A)(vi) by entering default judgment against Johnson, Mahon, and Tafelmeyer due to their egregious non-compliance. In the alternative, Plaintiff requests that the Court compel responses within 7 days of the Court's order and impose monetary sanctions, including reasonable expenses and attorney's fees, under Rule 37(d)(3) to deter further violations.

### III. REFUSAL TO PRODUCE PERSONNEL AND DISCIPLINARY RECORDS

Defendants' refusal to produce any personnel files or disciplinary records responsive to Requests for Production Nos. 9-16 (Ex. 1) violates Fed. R. Civ. P. 34 and is unsupported by the cited authorities. Defendants object on grounds of irrelevance, disproportionality, overbreadth, and official information privilege, citing

*Manley v. Zimmer* (Response at 4-5; Ex. A). These objections are meritless, as *Manley* actually supports Plaintiff's position.

   *A. Relevance and Proportionality*

   The requested records are relevant under Rule 26(b)(1) to Plaintiff's claims of excessive force, deliberate indifference, and ADA violations (Am. Compl. ¶¶ 46-57, 63-65, 71-84). The amended complaint alleges a pattern of misconduct by Defendants Tafelmeyer, Johnson, Mahon, and Sheeks, including Johnson's repeated harassment of Plaintiff for issues tied to his visual impairment and NDOC's failure to train officers on disability accommodations (Am. Compl. ¶¶ 14, 63-64). The requested personnel and disciplinary records are essential to uncovering evidence of prior similar incidents, training deficiencies, or disciplinary actions that could establish Defendants' intent, recklessness, or knowledge of Plaintiff's vulnerability during the September 13, 2021 incident (Am. Compl. ¶¶ 12, 38, 47-49). Moreover, these records are critical to Plaintiff's ADA claim against NDOC, which alleges systemic discrimination through the failure to provide accommodations like a vision-impaired vest, adjusted routines, or proper housing (Am. Compl.   14). Evidence of NDOC's training practices or prior complaints about mishandling disabled inmates directly supports Plaintiff's claim of deliberate indifference and supervisory liability (Am. Compl. ¶¶ 65-67). Defendants' blanket refusal to produce even redacted records obstructs Plaintiff's ability to prove these claims. In *Manley v. Zimmer*, the court found similar records relevant to excessive force and failure-to-protect claims, ordering production of redacted documents after in camera review (2013 U.S. Dist. LEXIS 146151, at *27-29, *50-55). Defendants' claim

that the records are irrelevant (Response at 4-5) ignores *Manley's* actual holding that such documents are discoverable when tied to constitutional claims.

The requests are proportional under Rule 26(b)(1), given the severity of Plaintiff's alleged injuries (e.g., wheelchair confinement for six months) and the public interest in addressing prison misconduct (Discovery Dispute Motion at 3; Am. Compl. ¶¶ 42-44). Plaintiff's willingness to accept redacted records (Ex. 3 at 4-6) addresses proportionality concerns while meeting discovery needs. Defendants' failure to produce even redacted documents violates Rule 34(b)(2)(B), which requires production unless specific objections are stated, and Rule 34(b)(2)(C), which mandates stating whether materials are withheld.

*B. Official Information Privilege*

Defendants' invocation of the official information privilege, citing Manley and NAC 284.718 (Response at 5; Ex. B), is unpersuasive. In *Manley*, the court rejected NDOC's reliance on state regulations like NAC 284.718, holding that federal law governs privilege in Section 1983 cases and ordering production of redacted records (2013 U.S. Dist. LEXIS 146151, at *32-33, *55).

Defendants' assertion of the official information privilege fails to comply with the *Kelly Protocol* adopted by this Court, which governs such claims in civil rights actions, including those involving prison conditions (See *Manley* at *37-39; Espinosa v. Filson*, 2020 U.S. Dist. LEXIS 68393, at *18-20). The Kelly Protocol requires a party asserting the privilege to provide a privilege log under Fed. R. Civ. P. 26(b)(5)(A) with their discovery responses, detailing the basis for the privilege, and to submit declarations specifically addressing the disadvantages of disclosure (*Espinosa*, 2020 U.S. Dist. LEXIS 68393, at *19-20). Defendants failed to serve a

privilege log with their responses to Requests for Production Nos. 9-16 and provided no declarations articulating specific harms of disclosure beyond boilerplate safety concerns (Response at 5; Ex. B).

Defendants' invocation of the official information privilege, citing *Manley* and NAC 284.718 (Response at 5; Ex. B), is unpersuasive. In Manley, the court rejected NDOC's reliance on state regulations like NAC 284.718, holding that federal law governs privilege in Section 1983 cases and ordering production of redacted records (2013 U.S. Dist. LEXIS 146151, at *32-33, *55). Defendants' reliance on the Peace Officer Bill of Rights (NRS 289.020-120; Ex. C) to bar disclosure of personnel and disciplinary records is misplaced. In *Brown v. Department of Corrections*, the court held that state public records laws from Oregon, similar to NRS 289, do not create an evidentiary privilege that limits the broad discovery authorized by Fed. R. Civ. P. 26(b)(1) in federal cases, particularly when privacy concerns can be addressed through a protective order (173 F.R.D. 262, 263-64 (D. Or. 1997)). Likewise, *Manley v. Zimmer* permitted production of redacted personnel records despite NDOC's objections based on state law, emphasizing that federal law governs privilege in Section 1983 cases (2013 U.S. Dist. LEXIS 146151, at *32-33, *55). Here, the requested records can be produced confidentially under the existing Protective Order (ECF No. 31), ensuring compliance with federal discovery standards while mitigating any privacy concerns.

*C. Balancing Analysis*

Under the official information privilege, courts balance the benefits of disclosure against potential disadvantages. In *Brown v. Department of Corrections*, the court held that the public interest in halting discriminatory conduct within a

public agency, combined with the plaintiff's need to access personnel records to prove pretext, outweighed privacy concerns, particularly when a protective order was in place (173 F.R.D. 262, 264-65 (D. Or. 1997)). Similarly, *Manley v. Zimmer* found that disclosing relevant records outweighed NDOC's generalized safety concerns, especially with redactions (2013 U.S. Dist. LEXIS 146151, at *46-51). The public interest here is heightened given the amended complaint's allegations of systemic ADA violations by NDOC, a public entity tasked with ensuring a safe and humane prison environment (Am. Compl. 9). Disclosure is critical to vindicating Plaintiff's rights and addressing prison misconduct against disabled inmates (Am. Compl. ¶¶ 14, 66-67), as well as substantiating supervisory liability and ADA claims (Discovery Dispute Motion at 3). Defendants' safety concerns (Response at 5) are speculative and can be mitigated through redactions or the existing Protective Order (ECF No. 31), as both *Brown* and *Manley* permitted (173 F.R.D. at 265; 2013 U.S. Dist. LEXIS 146151, at *50-55). Defendants' failure to offer redacted documents or submit them confidentially violates Rule 34(b)(2)(B) and (C).

    The Protective Order adopted by the Court in this case (ECF No. 31) is comprehensive, providing extensive safeguards—including restricted disclosure to designated parties, mandatory confidentiality certifications, procedures for challenging designations, and the option to label sensitive documents as "ATTORNEYS' EYES ONLY" to limit access solely to counsel—that fully address and mitigate Defendants' privacy and safety concerns regarding the production of personnel and disciplinary records.

    Plaintiff requests that the Court compel production of personnel and disciplinary records responsive to Requests Nos. 9-16, redacted as necessary, as in

Manley (id. at *55). Alternatively, Plaintiff seeks sanctions under Rule 37(b)(2)(A)(i)-(ii), such as deeming facts about Defendants' prior misconduct established or prohibiting Defendants from opposing Plaintiff's claims, to ensure compliance.

**IV. CONCLUSION**

Defendants Johnson, Mahon, and Tafelmeyer's failure to respond to Plaintiff's First Set of Interrogatories violates Rule 33(b), justifying default judgment under Rule 37(d)(3) and 37(b)(2)(A)(vi) for obstructing Plaintiff's excessive force and deliberate indifference claims (Am. Compl. ¶¶ 12, 38, 47-49). Defendants' refusal to produce personnel and disciplinary records violates Rule 34. The discovery is critical to proving excessive force, deliberate indifference, and ADA violations causing severe injuries to a visually impaired inmate (Am. Compl. ¶¶ 12-14, 42-44, 63-69). Plaintiff requests: (1) default judgment against Johnson, Mahon, and Tafelmeyer, or alternatively, compel responses within 7 days with sanctions under Rule 37(d)(3); and (2) compel production of redacted records, in camera review, or sanctions under Rule 37(b)(2)(A)(i)-(ii).

Dated: Jun 30, 2025

By: */s/ Luke Busby, Esq.*

Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_x\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

    Mark Hackmann, Esq.
    100 N. Carson St.
    Carson City, NV 89701
    813-340-1181
    Email: mhackmann@ag.nv.gov

Dated: Jun 30, 2025

By: */s/ Luke Busby, Esq.*
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*