# EXHIBIT A

Declaration of Benu Clark

# EXHIBIT A

# Declaration of Benu Clark

## **DECLARATION OF BENU CLARK**

I, Benu Clark, am over the age of 18 and am otherwise fully competent to testify to the facts contained in this declaration.

1. I have personal knowledge of the matters asserted herein and am competent to testify thereto, save for those matters asserted on information and belief, and for those matters, I am informed and believe them to be true.

2. I am currently employed as an Associate Warden, for the Nevada Department of Corrections ("NDOC").

3. I currently work at Northern Nevada Correctional Center, (NNCC).

4. In connection with the filing of this declaration, I was contacted by the Office of the Attorney General, who, upon information and belief, represent Defendants in the matter entitled *Ware v. Sullivan,* et al., currently pending in the United States District Court, District of Nevada as case number 3:22-cv-00037-ART-CSD. Defendants' counsel requested that I provide truthful and accurate information in support of a legal brief that Defendants intend to file with the Court and for other proper purposes.

5. Virtual call equipment and technology has been installed in several NDOC facilities since the COVID pandemic in a limited capacity.

6. The purpose of installing virtual technology in NDOC facilities was to provide efficient access to the judicial system by using video conferencing technology throughout the NDOC. However, due to the cost of installing and maintaining such technologies, budgeting limitations and infrastructural impediments, NDOC was limited in the amount of rooms they could provide any particular facility with virtual conferencing technologies.

7. The Northern Nevada Correctional Center is equipped with only one room that is capable of conducting virtual calls.

8. All NDOC facilities require attorneys and legal representatives to register their phone numbers with the prison to ensure that calls between a legal representative and their client is not recorded and to ensure client confidentiality.

9. If an attorney registers in the system, the calls are not recorded and the time limit is waived. The attorney is required to register to have those privileges.

10. When an attorney contacts the Warden's administrative assistant, she can set a time for a call between the offender and his attorney with an order from the court. That call would be taken in a private room, and the offender would not be charged with the expense of the call.

11. Counsel can also visit the institution to meet with his client in person.

12. The offender is allowed to use the telephone system to contact his attorney, as outlined above.

13. If the NDOC were required to provide all of the offenders with the capacity to communicate with their attorneys via zoom, NDOC facilities would likely require additional funding from the legislature and require additional time to install the appropriate infrastructure to facilitate this. It is unknown if the legislature would approve the expenditure, or how long it would take. The process could take years to implement.

14. Neither Mr. Keast nor Dr. Naughton are currently employed with the NDOC.

15. There are currently over 1200 offenders housed at NNCC.

16. Offenders are not allowed to access the internet due to security concerns.

17. NNCC is willing to work with the offenders and their counsel to ensure that counsel has access to their clients. However, it is not possible to provide virtual communication for all of the offenders at NNCC.

FURTHER I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this _9th_ day of July, 2025

Benu Clark