# EXHIBIT B

AR 722 Inmate Legal Access Final
11-15-16

# EXHIBIT B

# ADMINISTRATIVE REGULATION
# 722

# INMATE LEGAL ACCESS

**Supersedes:** AR 722 (Temporary, 07/20/11), AR 722 6/17/12, AR 722 (Temporary, 11/3/16)
**Effective Date:** 11/16/16

**AUTHORITY:** NRS 208.165; 209.131; 209.246

**RESPONSIBILITY:**

The Warden at each institution is responsible to:

    A. Ensure that inmates have access to the judicial process by providing for reasonable access to the law libraries, inmate library assistants, and legal mailings.

    B. Designate an employee to manage the inmate law library.

    C. Designate an employee to coordinate legal issues with the Attorney General Office.

The Chief of Inmate Banking Services is responsible for fiscal management of the law libraries statewide.

## 722.01   INMATE ACCESS TO LAW LIBRARIES

1. Department will provide access to relevant and up-to-date state and federal constitutional, statutory, and case-law materials; and applicable court rules, procedures, practice treatises, and digests.

    A. Specific books, materials, and processes are to be determined in consultation with the Attorney General's Office.

    B. Research materials may be limited to those required for criminal appeals and conditions of confinement.

    C. Any other materials which are provided by law libraries beyond these requirements are a courtesy, and no liberty or court access interest arises in providing any such additional materials.

    D. When requesting supplies or services, inmates are required to identify the case number of the active litigation on which the inmate is working.

    E. If the case number is not yet available (new litigation), this will be noted on the request.

2. Inmates are required to identify "new litigation" or the assigned case number upon entering the Law Library and when requesting services, resource materials, and legal supplies.

3. Electronic resource systems may be substituted for hard bound books with the approval of the Attorney General's Office.

4. When reference materials are unavailable at the Law Library, the Law Library Supervisor will attempt to get copies from another Law Library location.

  A. If this attempt is not successful, the inmate can request copies from the Nevada Supreme Court Law Library by completing the "Nevada Supreme Court Law Library Order Form" (DOC-3512), Inmates Request for Legal or Other Reference Material Not in Law Library (DOC-3513), and brass slip for the cost of the copies.

   i. The Law Library Supervisor must review the forms for completeness.

   ii. If approved by the Law Library Supervisor, the packet should be sent to the Chief of Inmate Banking Services/designee for review. If not approved, DOC-3512 and DOC-3513 will be returned to the inmate. The brass slip will not be returned.

   iii. If approved by the Chief of Inmate Banking Services/designee, the form will be forwarded to the Nevada Supreme Court Law Library for processing. If not approved, the form will be returned to the inmate. The brass slip will not be processed or returned.

  B. The Nevada Supreme Court Law Library will charge the Department a fee for copies provided. The Department charge this fee to the inmate using the brass slip originally provided with the copy request.

5. Access to legal supplies and resource materials should be provided to inmates in segregation similar to the access afforded to inmates in the general population.

  A. Segregated inmates should be provided necessary assistance for effective access, i.e., inmate library assistants.

  B. Segregated inmates may be provided access to loose leaf materials, i.e. statutes, regulations, directives, etc.

  C. Specific procedures and/or statutes requested by segregated inmates should be printed/copied by the law library and taken to the segregated inmates upon request.

  D. The print-outs belonging to the law library, must be checked out by the inmate, and returned to the law library.

  E. An inmate who does not return check-out materials will be subject to disciplinary action.

    E. An inmate who does not return check-out materials will be subject to disciplinary action.

6. At a minimum, staff at each institution with a law library should:

    A. Conduct inventories of books and legal materials on an annual basis.

    B. Forward a copy of the inventory to the Department's designee.

    C. Maintain a perpetual inventory of all books and supplies.

    D. Additional inventories may be requested as determined by the Department's designee or Attorney General's Office.

    E. Maintain appropriate logs on the use of law libraries by inmates.

    F. Maintain logs as to what legal supplies are ordered and what supplies are given to indigent and indigent-at-the-moment inmates.

    G. Maintain a log indicating the number of photocopies provided to each inmate.

    H. Staff will maintain these logs.

7. Copies of legal documents requested by inmates may be made for a nominal fee.

    A. Inmates are not constitutionally entitled to free copy work.

    B. The Department will charge a fee for copy work.

    C. Inmate must submit a brass slip when submitting their legal copy request.

    D. Indigent inmates may request limited copies that will be charged to the inmate's Department Charge 2 account to be reimbursed to the Department when funds are received or accrued in the inmate's PPF.

    E. Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case.

    G. An applicable fee will be charged per page for any copies which requires staff to conduct research or pull files to make copies. Such cases would be found when a staff person has to locate the inmate file, take the document from the file, copy the document, reassemble the file and then give the inmate a copy.

8. Copy machines located in law libraries are not to be used for any copy work other than for inmates who have current litigation regarding criminal appeals, habeas corpus, conditions of confinement and divorce or child support issues. Only legal materials may be copied.

9. The Warden will assign an employee to manage the institution law library if no Law Library Supervisor is available.

   A. The Warden should appoint one person, Caseworker II or above, to act as the litigation liaison to coordinate and assist the Attorney General's Office in defending the institution and personnel in lawsuits.

   B. This requirement may be subjected to appropriate budgeting and staffing levels.

10. Each institution should establish procedures specific to their institution for the operation of their law library.

    A. The law library should be open a sufficient number days and at times to serve the inmates.

    B. Inmates should be advised of the law library hours of operation.

    C. No changes in the hours of operation of the law library, absent exigent circumstances, are authorized. Documentation will be made on the length of the closure and the reasons for the closure.

    D. Procedures for pick up and delivery of law library requests and legal mail for segregated inmates should be included for each institution.

11. The institution's supporting camps and centers will obtain services through the institution's law library.

    A. The Warden will designate an employee at a camp or center to coordinate legal services.

    B. Inmates at a camp or center are responsible to advise the Legal Coordinator of their need for legal materials.

    C. The Coordinator will process and coordinate all requests for supplies and reference materials pursuant to camp operational procedures.

12. Inmates found in possession of legal materials belonging to the law library without proper authorization are subject to disciplinary action. All materials belonging to the law library should be clearly stamped to identify them as State property or printed on pink paper.

13. The Department shall not supply out-of-state inmates housed within the Department with forms, documents, or legal materials from the sending state unless these materials are provided to the Department by the sending state.

**722.02   LEGAL ASSISTANCE BY INMATES**

1.   Where possible, inmate library assistants assigned to law libraries should be directly supervised by staff.

2. Inmate law library assistant duties may include the following:

   A.  Assisting other inmates to locate legal reference materials;

   B.  Assisting inmates in the disciplinary process;

   C.  Making regular visits to segregation areas in order to fill requests for supplies and reference materials.

3. Inmate law library assistants assigned to service segregated housing units are to:

   A.  Aid inmates in obtaining legal materials and supplies;

   B.  Assist in doing basic research for the segregated inmates in support of their petitions, suits, and other actions;

   C.  Inmate library assistants are not required to prepare and draft documents but are expected to assist segregated inmates in preparing their own documents;

   D.  Personal issues such as family law and bankruptcy matters are the responsibility of the inmate filing such claims; inmate library assistants need not help in these areas;

   E.  Provide an inventory of the law library, an index of Department ARs, and an index of forms available at the law library.

4. Inmate library assistants assigned to segregated housing units are to be allowed to visit the units five days per week, absent exceptional circumstances, at times designated by the Warden.

   A.  Unit staff are to insure that the inmate library assistants have immediate access to the unit at the designated times and that there are no excessive delays.

   B.  If the situation arises where the Library Assistant must be removed from the unit, the senior unit officer will immediately notify the shift supervisor and advise him of the situation.

   C.  Any delay of the inmate library assistants will be documented in the unit log and a written report submitted to the Warden and the Shift Supervisor.

5. Inmates in segregation who have questions or concerns regarding inmate library assistant services should direct them in writing to the Law Library Supervisor.

6. Inmate library assistants are not permitted to appear in state or federal courts on behalf of another inmate, except by specific order from a judge or magistrate, in each case.

   A. Inmate library assistants may only assist inmates at the institution where they are assigned, except by specific order from a judge or magistrate.

   B. Inmate library assistants / Counsel Substitutes may not charge for services rendered to other inmates.

   C. Inmate library assistants may not represent themselves to others as an attorney or a representative of an attorney.

   D. Inmate library assistants may not solicit litigation.

   E. Inmate library assistants may not post memoranda.

   F. Inmate library assistants may not violate Nevada law or standing rules of the American or Nevada Bar Associations concerning limitations on persons not licensed to practice law.

## 722.03   NOTARY SERVICES FOR INMATES

1. Nevada Revised Statute 208.165 provides that an inmate may execute any instrument by signing a declaration, under penalty of perjury, with the same legal effect as a notarized oath. Therefore, inmates do not require the services of a notary public to execute any Nevada instrument as provided in this procedure. Federal Statute 28 USC § 1746 also provides for un-sworn declaration in all federal jurisdictions.

2. All institutions and facilities should have a sufficient number of notaries to insure timely notarization of any legal instruments otherwise requiring a notarized signature.

## 722.04   INMATE ACCESS TO THE JUDICIAL PROCESS

1. Inmates may retain attorneys or their authorized representatives, obtain assistance from institutional inmate library assistants, obtain services from the Public Defender's Office and obtain services from legal aid agencies.

2. Forms required by state and federal courts should be provided without charge to inmates, for preparation and processing of their legal documents.

3. Legal supplies will only be provided once per month to indigent and indigent-at-the-moment inmates. Supply quantities are to be issued based on legitimate inmate needs for active litigation, on a case-by-case basis. The burden of proof is the responsibility of the inmate.

4. Legal supplies are defined as follows:

   A. White Bond paper, "8 ½" by 11", 20 to 50 sheet packets.

   B.  Paper, 8 ½" by 11", 20 to 50 sheet packets.

   C.  Carbon paper, on exchange only after first issue, max of 5 sheets. Carbon paper may have restrictions placed on its issuance by the Warden for security purposes.

   D.  Envelopes:
      4" by 9", individual;
      9" by 12", individual;
      10" by 15", individual.

   E.  Pens, one per month or exchanged for a used one. Red pens are not allowed in the Law Library for any purpose.

   F.  Fire proof box, one per indigent inmate, when needed.

   G.  Convenience items including file folders, fasteners, tape, etc., will not be provided to any inmate at State expense.

5. Charges for the above supplies and quantities listed will be determined by each institution or facility based on current canteen prices. An indigent or indigent-at-the-moment inmate will fill out a brass slip for the cost of legal supplies issued.

6. Each institution or facility is to insure that the above listed items are also available for sale in their canteens. Should any of the above items not be available for sale in the canteen, until such time as the items are stocked, the items are to be issued through the law library with the inmate completing a brass slip prior to receiving the supplies.

7. Inmate loss of canteen privileges due to a sanction imposed under AR 707 will be allowed to purchase legal supplies and stamps through the canteen while undergoing this sanction.

8. Inmates may assist each other in the preparation of legal documents and may act as Counsel Substitutes under Departmental policies. Inmates may not receive compensation for providing legal assistance at any time.

9. Legal opinions, books, papers and forms used by one inmate to assist another may be in possession of the inmate giving assistance, with the written permission of the owner.

10. When an inmate other than an inmate library assistant is helping another inmate, all papers must be returned when either inmate is released; when either inmate is transferred to another institution; or when administrative action such as placement in disciplinary segregation prevents direct communication between the two inmates. The only exception is if the inmates are active codefendants or co-plaintiffs on a current case being litigated.

11. Any inmate assisting in the preparation of legal documents must clearly identify themselves as an inmate and document this by writing "inmate" before their name and follow with their prison identification number.

12. Inmate assistance in preparing legal documents is limited to individuals within the prison system, or as otherwise prohibited by statute or professional rule.

13. Inmates may retain personal legal materials in their cells in fire-proof boxes as noted in AR 711 Property.

   A. Legal boxes should be clearly marked "Legal Materials."

   B. Legal boxes should only include materials for current litigations, or materials for "new litigation."

   C. Materials which exceed the statute of limitations from an incident date may not be retained for "new litigation."

   D. Materials for a civil case may not be retained past the appeal date, unless appeal has been taken. Law Library Supervisors may verify that an appeal has been filed by checking the appeal log.

   E. Legal boxes should be limited to three per inmate.

   F. Legal box contents should be periodically reviewed for contraband by designated staff.

   G. Inmates who require more than three legal boxes may appeal the limitation using the grievance process.

## 722.05   INMATE REPRESENTATIVES AT PAROLE BOARD HEARINGS

1. An inmate may, at his own expense, have a representative present with whom he may confer.

2. An inmate may speak on his own behalf or have his representative speak in his behalf.

   A. For inmates of medium custody and above, inmate representatives are limited to an inmate library assistant or approved visitor, including legal representative.

   B. For inmates of minimum custody and below, inmate representatives are limited to the same as medium custody and above or any inmate representative housed at the same facility.

3. It is the inmate's responsibility to:

   A. Notify their designated representative of date, time, and location of their hearing.

   B. Review their case with their representative prior to their scheduled hearing.

C. Notify institution of the representative's identity at least five (5) working days prior to their Parole Board hearing.

**722.06  ATTORNEYS**

1. Attorney, and their legal representatives retained by the inmate or his family shall be permitted visits.

   A. Department staff should assist inmates in making confidential contact with attorneys and legal representatives.

   B. Attorneys or legal representatives shall be required to furnish proper identification for visits by presenting evidence that they are members of a state bar.

2. Any inmate has the right to consult with an attorney or legal representative subject to restrictions for the security of the institution and safety of the inmate population and staff.

3. Staff may not ask an attorney or legal representative to state the subject matter of the lawsuit or the interview.

4. As a condition of visiting an inmate, attorneys or legal representatives should be subjected to a search of his personal belongings and materials for the purpose of ascertaining if contraband is present.

5. An act by an attorney which violates Department regulations or operational procedures, and which threatens the security, good order, or discipline of the institution is grounds for the Warden to limit or deny the attorney's privileged visitation and correspondence rights.

6. Acts by an attorney which may warrant such limitation or denial include, but are not limited to, the following:

   A. False statements as to the attorney's identification or qualification;

   B. A plan, attempt, or act to introduce contraband into the institution;

   C. A conspiracy to commit or attempt to commit, or the actual commission of an act of violence within institution;

   D. Encouraging an inmate to violate the law, Department regulations, or operational procedures.

7. Unless the breach of regulations is extreme or repetitive, limitation rather than denial of visitation or correspondence rights is proper, especially when the inmate is confronted with a court deadline.

A. The Warden may refer the matter to the Nevada Bar Association through the Attorney General's office.

B. The attorney may appeal the limitation or denial of attorney visits or correspondence rights by the Warden to the Deputy Director.

C. The inmate affected may appeal through the grievance process.

8. Prison officials may require an attorney or legal representative to show that the inmate or his family requested a visit. Written confirmation by the inmate or his family will be deemed sufficient to make a showing.

9. The Department should refuse admission to anyone who fails to comply with its regulations. When there is doubt concerning the identity of an attorney, the institution shall refer the matter to the Warden who in turn shall confer with the Attorney General's office.

10. Visits between an attorney and client are confidential.

A. An attorney may make recordings during their visits.

B. All recording devices must be provided by the attorney and approved in advance by the Warden or designee.

C. No recording devices will be left with the inmate.

E. Recordable CDs are not an acceptable medium for inmate recordings.

F. The institution should provide an area which meets the security needs of the institution, where the attorney and client may confer in private.

11. An inmate may refuse an attorney/client interview, provided:

A. The inmate's denial should be communicated to the attorney or representative in writing, signed by the inmate.

B. The communication should be a statement by the inmate that the attorney/client interview had been requested by the inmate or the inmate's family.

12. Attorneys need not be placed on an approved visiting list.

A. Attorneys and their representatives may be permitted to visit more than one individual inmate during normal visiting hours, consistent with the security needs of the institution.

B. Attorneys should notify the institution 24 hours in advance of the intended visit.

C. The Warden or designee may approve any exceptions to this policy.

13. Attorneys or their representatives, who come in their professional capacity and ask to see an incarcerated family member must have the Warden's permission. The Warden may consult with the Attorney General's office before rendering a decision.

14. Institutions and facilities should develop procedures to ensure that after hours legal visit requests may be scheduled under special circumstances,

15. Diplomatic representatives will have the same right, and follow the same procedures as outlined for attorneys/representatives.

### 722.07  NOTICE OF APPEALS

1. Each institution and facility will maintain a permanent Notice of Appeals Log (DOC-4508) for the purpose of documenting appeals filed by inmates.

2. The Law Library Supervisor or Legal Coordinator will maintain the log for accepting the Notice of Appeals.

3. Operational procedures should include specifics regarding how all inmates, including those in segregation, can contact the Law Library Supervisor.

4. The permanent Notice of Appeals log should contain the following information:

    A. Inmates name and number;

    B. Date of receipt;

    C. Time of receipt;

    D. Case number;

    E. Court of jurisdiction;

    F. Printed name and signature of the staff member receiving the notice;

    G. Printed name and signature the inmate filing the appeal; and

    H. Date and time the appeal is forwarded to the mailroom.

5. An inmate wishing to file a notice of appeal will present the Law Library Supervisor with the notice of appeal, (original and file copy), two completed envelopes, (one to the Court and one to the Attorney General's office) and his identification card.

    A. The Law Library Supervisor should verify the inmate identity.

    B. The Law Library Supervisor should ensure that the requirements of AR 722.08, Outgoing Legal Mail are met before processing the notice of appeal;

    C. The inmate's name, number, and institution return address must be included on the return address on the outside of the envelope or package.

    D. The word "confidential" must be included on the face of the envelope.

    E. The inmate will then show the Notice of Appeal to the Law Library Supervisor. The document must be entitled "Notice of Appeal."

    F. Staff will not read the contents of the Notice of Appeal, only the cover sheet to verify that it is in fact a Notice of Appeal and to get the other information necessary to complete the log.

    G. Once the log is completed, the inmate, in the presence of the Law Library Supervisor who completed the log, will seal the envelope.

    H. The inmate will then give the sealed envelopes back to the Law Library Supervisor who will then sign & date the flap of the envelope.

    I. The Law Library Supervisor will keep the sealed Notice of Appeal envelope in his possession and personally place it in the outgoing mail the same day of receipt.

6. Completed logs will be forwarded to the Warden's office for permanent storage.

## 722.08 OUTGOING LEGAL MAIL AND CORRESPONDANCE

1. Correspondents are responsible for the contents of mail sent in or out of the institution. Inmates will provide their correspondents with appropriate instructions for compliance.

2. Violation of laws regulating mail shall be referred to postal authorities and other law enforcement officials.

3. Violations of the law, the policies governing the Department of Corrections' mail regulations or any approved institutional mail procedures may result in the temporary suspension or denial of correspondence between those involved in the violations.

4. All outgoing mail must conform to the addressing requirements of AR 750, Inmate General Correspondence.

5. All legal mail is privileged correspondence.

6. Outgoing legal or privileged mail may be censored per AR 722.10.

7. The legal mail must be addressed to an attorney or legal representative.

A. The word "confidential" must be included on the face of the envelope or the mail will be processed as general correspondence.

B. Indigent or indigent-at-the-moment legal mail may be scanned, but not read, prior to sealing the envelope.

C. If the mail is not legal in nature the mail will not be processed.

8. Mail addressed to the Governor, Attorney General, or Secretary of State will be inspected before the envelope is sealed, then initialed by the staff.

9. Legal mail will not be held in the institution longer than 24 hours before transmittal, excluding weekends and holidays.

10. All legal mail must be sent via the U.S. Postal Service unless ordered otherwise by the Court.

11. There is no limit to the amount of legal postage department charges an indigent inmate or indigent-at-the-moment inmate may accumulate.

A. This policy should extend only to the pursuit of civil rights, habeas corpus, or post-conviction litigation actions.

B. This policy shall extend only to first-class mail for all legal mail unless the Court requires certification.

C. Both indigent and indigent-at-the-moment inmates must sign a brass slip to ensure the State is reimbursed once the funds are available.

12. Locations served by the State Mailroom are to separate legal mail with a note that the legal mail is to be charged full rate and not pre-sort rate.

### 722.09   INCOMING LEGAL MAIL

1. Incoming legal mail must meet the address requirements of AR 750.

2. Legal mail received for inmates housed in other institution or facilities should be forwarded by way of the U.S. mail to the inmate. Inter Departmental mail will not be used for this purpose.

3. Legal mail received for inmates who are no longer supervised by the Department will be immediately returned to sender or forwarded, provided an address is available.

4. Legal mail will be held by staff for a maximum of 24 hours excluding weekends and holidays. Staff should make a reasonable effort to deliver legal mail if:

    A. The Inmate is housed outside an institution or facility under Department staff supervision, using the example of a hospital; and

    B. The staff is aware the inmate will be absent for no longer than one working day, mail is to be immediately forwarded to the inmate.

5. Incoming correspondence will be treated as legal mail only if the envelope clearly identifies an attorney, legal representative, or other privileged correspondent in the return address.

6. Legal Mail Receipt DOC-3020A (LMR) shall be filled out and attached to every piece of legal mail.

7. All completed Legal Mail Receipts (LMR) will be filed and maintained in the mailroom.

8. Incoming legal/privileged mail will be opened, scanned and inspected for contraband in the presence of the inmate recipient, unless the inmate waives this process in writing.

9. Incoming legal or privileged mail may be censored per 722.10.

10. Incoming packages of lengthy documents from legal/ privileged correspondents should be opened and inspected in the same manner as legal correspondence. Any other package must meet the requirements of AR 711.

11. Recordable CDs or DVDs are not an acceptable medium for inmate legal mail unless delivered directly from a Nevada court, subject to verification of content.

## 722.10   CENSORSHIP OF LEGAL MAIL

1. Legal correspondence cannot be monitored.

2. Incoming or Outgoing legal or privileged mail may be censored if there is reasonable suspicion that it contains evidence of impending criminal activity or activity that is a threat to the safety or security of the institution, or contains contraband.

    A. The Attorney General's Office should be contacted prior to the censorship of legal or privileged mail.

    B. A minimum of two staff will be present when outgoing legal mail is censored.

    C. If there is a safety, security, or criminal issue the opening of the correspondence may be videotaped and the tape placed into evidence.

    D. Cash and personal checks will be removed and returned to the sender.

    E. Money Order and cashier's checks made to the inmate will be removed and credited to the inmate's account.

F. Contraband found will be removed and held as evidence for disciplinary action.

G. Items removed from incoming legal/ privileged mail should be placed into evidence.

H. A written report of censorship should be provided to the Warden within 24 hours of the incident.

I. The sender of inappropriate items and the inmate recipient will be notified of the confiscation.

J. The Notification of Mail Censorship Form should be completed and distributed as required on the form.

K. The inmate may appeal this censorship through the grievance process.

## 722.11   LEGAL TELEPHONE CALLS

1. Inmates should use the unit or yard telephones for legal calls.

2. All legal calls should be collect or debit calls.

3. Institutional telephones, including but not limited to law library telephones, will not be used for inmates to make legal calls except under exceptional circumstances, and approved on a case-by-case basis by the Associate Warden or Facility Manager or above.

4. Legal calls placed for inmates on institutional phones by staff should have the number dialed by the staff member to insure it is a legal call; observe the inmate throughout the call, but not listen to the call.

5. There is no limit on the number of legal telephone calls placed by inmates to their legal representatives.

6. Time limits may be imposed on such calls to insure all inmates have access to telephones, and to minimize operational disruptions.

7. Inmates are not permitted to telephone Division of Parole and Probation, Board of Parole Commissioners, Nevada Department of Corrections employees, or the Office of the Attorney General, without receiving prior approval from the agency receiving the call.

**APPLICABILITY**

1. This AR requires an Institutional Operational Procedure.

2. This AR requires an audit.

**REFERENCES:** ACA Standards 4-4256; 4-4262; 4-4264; 4-4433; 4-4438

_____     11/16/16
James Dzurenda, Director         Date