# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| DAVID AGUILAR, | Case No.: 3:23-cv-00547-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 69 |
| J. TAFELMEYER, et al., | |
| Defendants | |

Plaintiff has filed a motion regarding discovery dispute concerning Defendants' failure to timely provide responses to interrogatories and to produce documents responsive to his requests for production 9-16. Plaintiff also requests sanctions, including the entry of default judgment, in connection with this motion. (ECF Nos. 69, 69-1 to 69-4, errata at ECF No. 70.) Defendants filed a response. (ECF Nos. 74, 74-1 to 74-4.) Plaintiff filed a reply. (ECF No. 75.) The court held a hearing on the motion on August 5, 2025, and issues the instant Order.

For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). When he filed this action, Plaintiff was proceeding pro se, but he was subsequently appointed pro bono counsel, Luke Busby, Esq.

This action is proceeding on the first amended complaint with claims for excessive force under the Eighth Amendment against defendants Johnson, Tafelmeyer, Mahon, and Sheeks, an Eighth Amendment deliberate indifference to serious medical needs claim against defendant

Tafelmeyer, and a claim under Title II of the Americans with Disabilities Act (ADA) against NDOC. (ECF Nos. 56, 57.)

Plaintiff served interrogatories on Defendants on April 7, 2025. (ECF No. 69-2.) Plaintiff also served requests for production of documents on Defendants. (*See* ECF No. 69-1.)

Up to the point this motion was filed on June 4, 2025, Defendants had not served any responses to the interrogatories. The day the motion was filed, Mr. Busby did receive responses to interrogatories from *one* of the Defendants—Sheeks. (ECF No. 70.) The remaining defendants did not serve their responses to the interrogatories until August 4, 2025, *the day before the hearing*. Plaintiff seeks the imposition of sanctions, including case terminating sanctions, as a result of the significant delay.

Plaintiff also asks the court to compel Defendants to produce documents responsive to requests 9-16, which seek the personnel files and disciplinary records for each of the individual Defendants.

## II. DISCUSSION

### A. Interrogatories

A party must respond to interrogatories within 30 days after being served unless the serving party stipulates to provide an extension. Fed. R. Civ. P. 33(b)(2).

Defendants failed to timely respond to Plaintiff's interrogatories. While belated responses were ultimately provided, it was only after Plaintiff filed this motion, with three of the four sets of responses being served on the eve of the hearing on this motion.

If responses to discovery are served after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This is the rule unless the moving party did not attempt to obtain the discovery in good faith without court intervention; the opposing party's conduct was "substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendants argue that the delay in responding was substantially justified because the Defendants no longer work for NDOC, and one of them no longer resides in the state, which resulted in a delay in being able to finalize the responses.

The court does not find this constitutes substantial justification for the significant delay in serving responses to Plaintiff's interrogatories.

If defense counsel, Mr. Hackmann, was having difficulties finalizing responses for these reasons, the proper course of conduct was to request an extension, which would have likely been granted as a professional courtesy. Mr. Hackmann was aware of this because Defendants requested and were granted an initial ten-day extension to provide responses. (ECF No. 69-4 at 4-5.) Despite being granted an extension, Mr. Hackmann then unilaterally informed Mr. Busby on May 25, 2025, *after the 10-day extension had expired*, that the responses would be provided by the end of the week. He does not explain why he failed to request an additional extension at that point, or at any other time. Even so, he still did not provide the responses by the end of the week. Defendants do not demonstrate substantial justification why Sheeks responses were not served until June 4, 2025, and the other three sets of responses were not served until August 4, 2025.

The court does not find that any other circumstances make an award of sanctions unjust, particularly where counsel failed to request a reasonable extension to provide the responses and instead, waited until the eve of the hearing on this motion to serve them.

1    Therefore, the court finds it appropriate to impose sanctions for the significant delay in

2    serving responses to interrogatories. Case terminating sanctions, such as the entry of default

3    judgment, are not appropriate under these circumstances.  However, the court will impose

4    monetary sanctions, in the form of an award of attorney's fees incurred in filing the motion and

5    reply and attending the hearing on this matter. The sanctions will be imposed against Defendants

6    and their counsel.

7    **B. Requests for Personnel Files and Disciplinary Records for Defendants**

8        Requests for production 9-16 seek production of the complete personnel files and all

9    disciplinary records for each of the individual Defendants. (ECF No. 69-1 at 7-11.)

10       Defendants object to each request and have refused to produce any responsive documents

11   on the following grounds: arguing the requests are irrelevant and disproportionate to Plaintiff's

12   needs; the requests are overbroad because they request information not related to Plaintiff's

13   claim; and they seek information subject to the official information privilege. (*Id.*)[1]

14       Plaintiff argues that the refusal to produce the personnel files or disciplinary records is

15   unjustified. Defendants argue that the court should consider as persuasive the public policy of

16   keeping these records confidential, and that the requests are overbroad as to time, and they are

17   not limited to events related to Plaintiff's claims.

18       Both parties rely on *Manley v. Zimmer*, No. 3:11-cv-00636-RCJ-WGC, 2013 WL

19   5592328 (D. Nev. Oct. 9, 2013). *Manley* was a case before now-retired Magistrate Judge Cobb.

20   The pro se inmate plaintiff was pursuing failure to protect and excessive force claims under the

21

22   _____

23   [1] Defendants' response argues that information in personnel files and disciplinary history is
confidential according to the Peace Officer Bill of Rights under Nevada Revised Statute (NRS)
289.020-120 (ECF No. 74 at 5:22). However, this objection was not asserted in response to the
requests for production.

Eighth Amendment. Manley sought the production of, among other things, reports, investigations, claims, or complaints of excessive force as to the named defendants for a specific time period.

The defendants objected that the records were confidential pursuant to NDOC Administrative Regulation (AR) 308, and Nevada Administrative Code (NAC) 284.718.[2] They also invoked the official information privilege in their briefing.

Preliminarily, Judge Cobb agreed with the defendants that the requests should be limited to documents against a named defendant for a defined time period concerning only excessive force and failure to protect claims, as those were the claims proceeding in that action. *Id*. at *9.

In addition, Judge Cobb found that prior complaints of excessive force or failure to protect were relevant to Manley's claim, where the court's inquiry focuses on whether the force was applied "maliciously and sadistically to cause harm." *Id*.

Next, Judge Cobb correctly pointed out that federal law governs a claim of privilege in a case like this, and while the court may give some consideration to State confidentiality interests, "they do not control the determination of the applicability of privilege" in a case such as this one. *Id*. at *11-12.

Insofar as the official information privilege is concerned, Judge Cobb discussed that federal courts have recognized it as a qualified privilege, and personnel files and complaints made against government employees have been considered "official information." *Id*. (citing

---

[2] NAC Chapter 284 governs the State personnel system, and the 700-series pertains to personnel records. This particular section provides that certain information in the employee's file, including information pertaining to performance and disciplinary action is confidential. NAC 284.726 governs access to confidential records, and with a few exceptions not applicable here, provides that access to this information is limited to the employee and various authorized State representatives, but also "[p]ersons who are authorized pursuant to a state or federal law or an order of a court."

5

*Kerr v. U.S. Dist. Ct.*, 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)). Judge Cobb noted that some district courts, including some within the District of Nevada, have adopted the *Kelly* protocol, outlined in *Kelly v. City of San Jose*, 114 F.R.D. 653, 669-70 (N.D. Cal. 1987) to resolve disputes related to the assertion of the official information privilege. *Id*. at *12. Judge Cobb discussed, however, that many requirements of the *Kelly* protocol were not practical in inmate civil rights litigation. *Id.* * 14. As such, Judge Cobb did not extend the *Kelly* protocol to inmate conditions of confinement cases brought pursuant to section 1983. Instead, Judge Cobb ruled that a defendant asserting the official information privilege in such a case (in an objection to discovery propounded by a plaintiff) should invoke the privilege, and serve a privilege log with the responses, and then the inmate plaintiff may file a motion to compel after pursuing meet and confer efforts. *Id*. at 15. Judge Cobb instructed that the defendants should "specifically address the disadvantages of disclosure so that the court may properly engage in a balancing of the potential benefits of disclosure against disadvantages[,]" *i.e.*, by providing an appropriate declaration to establish the interests that would be harmed if the information were disclosed and why a carefully crafted protective order would not alleviate those concerns. *Id*.

The court finds Judge Cobb's reasoning persuasive as to the mechanism for resolving disputes concerning the assertion of the official information privilege.

The Defendants here have not provided a declaration identifying the harm that would befall the government if disclosure were ordered. Instead, they assert only that personnel files contain "private, confidential information about an employee and information related to the performance of job duties." Even more vague is their argument that disciplinary records implicate "safety and security implications" without identifying any particular safety and

security interests implicated here. Nor did they include a declaration asserting why a carefully

crafted protective order would not alleviate the confidentiality concerns.

In fact, the parties here have entered into a stipulated comprehensive protective order in

this action that provides, among other things, that a producing party can designate materials as

"confidential" and "attorneys' eyes only." (ECF No. 31.) Mr. Hackman did not articulate a

convincing argument why this is insufficient to alleviate any privacy concerns that might arise

from production of documents from a prison employee's personnel or disciplinary file.

Nevertheless, the court finds that Plaintiff's requests for the entire personnel file and all

disciplinary records for each of the individual Defendants are overbroad as to time and in scope

and seek documents not relevant to this litigation.

The claim proceeding against the individual Defendants is one for excessive force

occurring on a single day, as well as an Eighth Amendment denial of medical care claim against

Tafelmeyer based on the allegation that he denied Plaintiff access to medical care after the

excessive force incident. Therefore, documents relevant to claims of prior use of excessive force

against the individual Defendants, and the denial of medical care against Tafelmeyer, that may

be in their personnel and disciplinary files, are relevant to Plaintiff's claims.

Plaintiff argues in his reply that the requested records are essential to uncovering

evidence concerning Plaintiff's ADA claim which "alleges systemic discrimination through the

failure to provide accommodations like a vision-impaired vest, adjusted routines, or proper

housing." (ECF No. 75 at 6.) Plaintiff's requests, however, are not tailored to requesting

information relevant to the ADA claim, but request the entirety of the individual Defendants'

personnel and disciplinary files.

The operative pleading contains the following allegations: NDOC failed to provide Plaintiff with a red or yellow vest for vision-impaired inmates; NDOC failed to train officers how to interact and accommodate visually impaired inmates; NDOC failed to adjust meal time allowances or other daily routines to accommodate Plaintiff's slower pace; NDOC failed to maintain his living space in a manner that accommodates his visual impairment; and NDOC failed to appropriately classify and house Plaintiff in a manner that would ensure his safety and access to necessary accommodations. (ECF No. 57 at 4.)

There is no explanation of how the individual Defendants' *entire* personnel and disciplinary files are relevant to these claims, particularly where there are no specific allegations that any of the individual Defendants engaged in this behavior, other than a broad allegation that Johnson "repeated[ly] harass[ed] [ ] Aguilar for issues directly related to his visual impairment."

As such, the court finds the requests should be limited, insofar as the ADA claim is concerned, to documents related to claims of a failure to accommodate a request related to an inmate's visual impairment.

In sum, the court will limit the requests for production of documents in the individual Defendants' personnel records and disciplinary records related to claims of excessive force for Defendants Johnson, Tafelmeyer, Mahon, and Sheeks and records related to claims of denial of adequate medical care for defendant Tafelmeyer, and any claims in the individual Defendants' personnel or disciplinary files that they failed to accommodate a request related to an inmate's visual impairment.

The parties are required to meet and confer to come up with a *reasonable* period of time for the production of documents. Moreover, any responsive documents may be marked "confidential" and "attorneys' eyes only." This, coupled with the limitation to the production of

only records relevant to the claims proceeding in this action, should alleviate the general concerns espoused in their response. The future use at summary judgment or trial of any document designated confidential and/or attorneys' eyes only should be addressed in conformity with the stipulated protective order.

Plaintiff's request for sanctions regarding the responses to requests 9-16 was made as an alternative request if the court does not order the production of responsive documents. As the court is requiring the production of responsive documents (albeit with some limitations), the request for sanctions in connection with requests for production 9-16 is denied as moot.

### III. CONCLUSION

Plaintiff's motion to compel (ECF No. 69) is **GRANTED** as follows:

(1) The motion for sanctions as a result of the significant delay in serving responses to interrogatories is **GRANTED** insofar as the court will impose sanctions against Defendants and their counsel in the form of reimbursement of the reasonable attorney's fees in connection with the motion to compel, reply, and time spent at the hearing on the motion.

Plaintiff shall file a memorandum on or before **August 22, 2025**, establishing the amount of fees incurred in connection with the motion to compel, reply, and time spent at the hearing on the motion, insofar as the delay in serving responses to interrogatories is concerned.[3] The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee the attorney(s) and/or staff member(s) charge for such work, and the experience, reputation, and

---

[3] Plaintiff's counsel should attempt to include the time that was spent on the motion, reply, and hearing with respect to the interrogatories, which is recoverable, versus the time that was spent on the motion, reply, and hearing pertaining to the requests for production, which is not recoverable.

9

ability of the attorney performing the work. The attorney's affidavit or declaration shall authenticate the information contained in the memorandum (or provide additional declarations from those able to do so), and provide a statement that the bill has been reviewed, and if necessary, edited, and a statement that the fees and costs charged are reasonable.

Defendants have up to and including **September 5, 2025,** to file a responsive memorandum properly supported by evidence to rebut the reasonableness of the fees and costs sought.

(2) The motion to compel further responses to requests for production of documents 9-16 is **GRANTED IN PART AND DENIED IN PART** as follows:

Requests 9-16 are limited to documents in the individual Defendants' personnel records and disciplinary records related to claims of excessive force for Defendants Johnson, Tafelmeyer, Mahon, and Sheeks, and records related to claims of denial of adequate medical care for defendant Tafelmeyer, and any claims in the individual Defendants' personnel or disciplinary files that they failed to accommodate a request related to an inmate's visual impairment. Within the next **seven days,** the parties are required to meet and confer to come up with a *reasonable* period of time for the production of relevant documents. Moreover, any responsive documents may be marked "confidential" and "attorneys' eyes only." Defendants have **30 days** from the date of this Order to produce responsive documents. The request for sanctions in connection with the responses to requests 9-16 is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

Dated: August 7, 2025

_____
Craig S. Denney
United States Magistrate Judge

10