AARON D. FORD
  Attorney General
MARK HACKMANN, Bar No. 16704
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1227
E-mail: mhackmann@ag.nv.gov

*Attorneys for Defendants Joseph Johnson,*
*Zachary Mahon, Skyler Sheets,*
*and Jeremy Tafelmeyer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID AGUILAR, | Case No. 3:23-cv-00547-ART-CSD |
| Plaintiff, | **DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER SANCTIONING COUNSEL AND DEFENDANTS AND TO PRODUCE RESPONSIVE DOCUMENTS [ECF NO. 83]** |
| v. | |
| J. TAFELMEYER; et al., | |
| Defendants. | |

Defendants hereby object to the Order Sanctioning Counsel and Defendants and To Produce Responsive Documents. ECF No. 83.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On January 6, 2025, Plaintiff served First Set of Requests for Production of Documents (RFP) to Defendant Nevada Department of Corrections (NDOC). Defendants responded to the RFP on March 31, 2025. On April 4, 2025, counsel for the Parties held a meet and confer regarding Plaintiff's concerns about the responses to the RFP. On that call, undersigned counsel offered Plaintiff's counsel a privilege log and Plaintiff's counsel responded, paraphrasing, "I'm not sure that will do, let me think about it and get back to you." May 8-12, 2025, Plaintiff's Counsel followed up regarding his position on the personnel records and undersigned counsel responded accordingly.

///

On April 10, 2025, Plaintiff served his First Set of Interrogatories to Defendants Johnson, Mahon, Sheeks, and Tafelmeyer. On May 11, 2025, undersigned counsel requested an extra 10 days to respond to the Interrogatories, as Defendants no longer work for NDOC and one of them no longer resides in Nevada, which resulted in a delay in being able to finalize the responses. On May 12, 2025, Plaintiff's Counsel agreed to the extension. On May 22, 2025, Plaintiff's counsel inquired about the responses to the Interrogatories. On May 25, 2025, undersigned counsel informed Plaintiff's counsel that the responses would be sent by the end of the week. Defendant Sheeks responses were received by Plaintiff's Counsel on June 4, 2025. ECF No. 70. The remaining responses were sent to Plaintiff on August 4, 2025.

On June 4, 2025, Plaintiff's Counsel filed his Motion Regarding Discovery Dispute regarding the outstanding responses to Interrogatories from Defendants Johnson, Mahon, and Tafelmeyer, and the personnel files requested in the RFP. ECF No. 69. A hearing was conducted regarding the discovery issues related to the late answers to interrogatories and whether the request for production of documents potentially contained in the Defendants' personnel and disciplinary files are relevant and discoverable. ECF No. 82. Magistrate Judge Denney issued his ruling via Order to produce documents in the Defendants' personnel and disciplinary files related to prior instances of use of force and any prior failure to fulfill an accommodation request based on visual impairment by any inmate. ECF No. 83.

## II.    LEGAL STANDARD

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law." District of Nevada Local Rules (LR) of Practice IB 3-1(a). "Any party wishing to object to the magistrate judge's order on a pretrial matter must file and serve specific written objections." *Id*. "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate judge with instructions." LR IB 3-1(b).

"When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'" *Powell v. City of Elko*, No. 3:21-cv-00418-ART-CSD, 2023 WL 6311459, at *1 (D. Nev. Sept. 28, 2023) (quoting *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Andrew Lindstrom v. Nevada State Militia (Nevada National Guard)*, No. 3:24-cv-00152-ART-CSD, 2025 WL 1088979, at *2 (D. Nev. Feb. 28, 2025) (quoting *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010))). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lindstrom*, 2025 WL 1088979, at *2 (citing *24-7 Grp. of Companies, Inc.*, 2014 WL 12707232, at *2) (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N. D. Cal. Mar. 16, 1998)).

When objecting to non-dispositive order regarding matters that have been assigned to a Magistrate Judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).

## IV.    ARGUMENT

### A.    The Personnel and Disciplinary Files of Officers are Not Relevant

Fed. R. of Civ. P. 26(c) provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense. Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Government personnel files are considered official information. *See*, e.g., *Zaustinsky v. University of Cal.*, 96 F.R.D. 622, 625 (N.D.Cal.1983), aff'd, 782 F.2d 1055 (9th Cir.1985). To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter

is greater, the privilege bars discovery. *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384–85 (5th Cir.1980); *Zaustinsky*, 96 F.R.D. at 625. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991).

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Id*. Relevance is construed broadly to include any matter that bears on or reasonably could lead to other matter that could bear on, any issue that may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)) (footnote omitted).

Here, the Court is ordering Defendants to disclose responsive documents potentially contained within Defendants' personnel and disciplinary records. ECF No. 83 at 8:15-20; *at 10:10-14. Defendants' personnel files, including disciplinary history, from when they were government employees, fall under the qualified privilege for official information. Because of these files being covered under the qualified privilege, a balance must be struck weighing the potential advantage and disadvantage of disclosure of these documents.

The Court erroneously determined that prior use of force records and records regarding Defendants' denial of accommodation to any inmate's visual impairment are relevant to the discovery being performed in this matter. Defendants disagree, as any prior use of force and its record, including disciplinary actions, has no tendency to make Plaintiff's claim of use of excessive force in this particular instance more or less probable. Additionally, should any records of prior instances exist, the facts and circumstances of those prior instances are not known and could be drastically different thereby making incomparable to the instant matter. Similarly, any record or claim against any of the Defendants that they failed to provide accommodation for visual impairment for any inmate in a prior instance does not have tendency to make Plaintiff's current claim more

or less probable. Again, should these exist, the facts and circumstances are not known and there is no guarantee that they would also be comparable to the current matter.

Further, Fed. R. Evid. 404(b)(1) states that [e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Clearly, if the documents the Court is ordering Defendants to produce exists within their personnel or disciplinary files, the documents would not be admissible as evidence of prior acts or that there is a history or pattern of this conduct. The only plausible admissibility for these documents would be as impeachment evidence, but even then, the prejudicial effect would likely outweigh the probative value rendering them again inadmissible. While admissibility is not the standard in discovery, discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. Because the discovery that Plaintiff is seeking are documents that would be inadmissible, they cannot be considered relevant because there is no reasonable calculation of them leading to admissible evidence because the documents themselves are the end of the request.

Because the alleged documents that Defendants are being ordered to produce are not relevant and on balance privileged under the official information privilege, the Court's Order in ECF No. 83 is clearly erroneous and contrary to established law. Subsequently the Order to produce documents should be vacated.

**B.    Objection 2: The Sanctions Order is Contrary to Law Because it Fails to Specify Who Committed Sanctionable Conduct or Who is Responsible for Paying the Fine**

While the Court can and did issue sanctions in form of attorney fees related to the extremely late responses to the Interrogatories, the inclusion of Counsel in the sanctions was clearly erroneous as well as the sanctions order as a whole. During the hearing on August 5, 2025, Plaintiff's counsel's reply to Defendants' counsel's statements regarding the lateness of the responses to the Interrogatories was that he did not believe that Defense Counsel was to blame for the lateness of the response and that Defense Counsel should not be included in the sanctions along with Defendants.

The Ninth Circuit has held that prior to sanctioning a party, the court must provide the party to be sanctioned with particularized notice to comport with due process. *Miller v. Cardinale* (*In re DeVille*), 361 F.3d 539, 548 (9th Cir. 2004). "A district court may not sanction an attorney under its inherent powers if there is nothing in the local rules or norms of professional conduct 'which would have placed [the attorney] on reasonable notice' that his conduct was not in conformance with the court's requirements." *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1132 (9th Cir. 2008) (citing *In re Richardson*, 793 F.2d 37, 40 (1st Cir. 1986)), partially overruled on other grounds by *Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014). " 'Sanctions not only may have a severe effect on the individual attorney sanctioned,' potentially damaging the attorney's career, reputation and livelihood, but they 'also may deter future parties from pursuing colorable claims'." *Id.* at 1133 (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 650 (9th Cir. 1997)). By failing to specifically name the individuals potentially subject to sanctions, the Order failed to provide particularized notice or a meaningful opportunity to respond. In addition, because the Sanctions Order refers to the sanctioned party as "Defendants and their counsel," it is unclear to which party or parties the sanctions are directed. *See generally* ECF No. 83. The lack of clarity regarding the person(s) to whom the sanctions are directed demonstrates an additional clear error that requires the order to be reversed or, at the very least, remanded for further discussion and analysis as to who should be required to pay these sanctions—which should not have been issued as noted above.

## V.    CONCLUSION

For the foregoing reasons Defendants respectfully object to Magistrate Judge Denney's Sanctions Order and order to produce documents. The Magistrate Judge's order is clearly in error as and contrary to law as the documents that Defendants are ordered to produce are not relevant and covered under official information privilege.

///

///

///

1    Accordingly, Defendant respectfully request that this Court sustain these objections,

2  conclude that the requested documents are not discoverable as not relevant and that

3  neither Defendants nor Counsel should be sanctioned.

4    DATED this 21st day of August, 2025.

5                                    AARON D. FORD
                                     Attorney General
6
7                        By:    /s/ Mark Hackmann
                                MARK HACKMANN, Bar No. 16704
8                                Deputy Attorney General

9                               *Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on August 21, 2025, I filed the foregoing, **DEFENDANTS' OBJECTION TO**

4  **MAGISTRATE JUDGE'S ORDER SANCTIONING COUNSEL AND  DEFENDANTS**

5  **AND TO PRODUCE RESPONSIVE DOCUMENTS [ECF NO. 83]** via this Court's

6  electronic filing system. Parties that are registered with this Court's electronic filing

7  system will be served electronically.

8      Luke Busby, Esq.
       316 California Ave.
9      Reno, NV 89509
       *Attorney for Plaintiff*
10

11

12                                   /s/ *Tammy Steele*
                                     An employee of the
13                                   Office of the Nevada Attorney General

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28