Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID AGUILAR,<br><br>      Plaintiffs,<br><br>V.<br><br>J. TAFELMEYER, et al.,<br><br>      Defendant(s). | Case No.: 3:23-cv-00547-ART-CSD<br><br>**PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF DEFENDANTS' PERSONNEL AND DISCIPLINARY FILES** |

COMES NOW Plaintiff DAVID AGUILAR, by and through the undersigned counsel, and files this Motion for In Camera Review of Defendants' personnel and disciplinary files to verify the Defendant Nevada Department of Corrections (NDOC) Amended Responses to Plaintiff's Requests for Production, Set One (Requests Nos. 9-16), which assert that no responsive documents exist.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND**

Plaintiff is an inmate in custody of NDOC. The Plaintiff's First Amended Complaint [ECF #57] makes claims for excessive force under the Eighth Amendment against defendants Johnson, Tafelmeyer, Mahon, and Sheeks, an Eighth Amendment deliberate indifference to serious medical needs claim against defendant Tafelmeyer, and a claim under Title II of the Americans with Disabilities Act (ADA) against NDOC.

On January 6, 2025, Plaintiff served First Set of Requests for Production of Documents (RFP) to Defendant Nevada Department of Corrections. Plaintiff requested the court to compel Defendants to produce documents responsive to requests 9-16, which seek the personnel files and disciplinary records for each of the individual Defendants. Defendants responded to the RFP on March 31, 2025. On April 4, 2025, counsel for the Parties held a meet and confer regarding Plaintiff's concerns about the responses to the RFP.

On June 4, 2025, Plaintiff's Counsel filed his Motion Regarding Discovery Dispute [ECF #69] regarding the outstanding responses to Interrogatories from Defendants Johnson, Mahon, and Tafelmeyer, and the personnel files requested in the RFP. On August 5, 2025, a hearing was conducted regarding whether the request for production of documents potentially contained in the Defendants' personnel and disciplinary files are relevant and discoverable. (ECF No. 82.)

On August 7, 2025, Judge Denney issued an Order compelling NDOC to produce documents in the Defendants' personnel and disciplinary files related to prior instances of use of force and any prior failure to fulfill an accommodation request based on visual impairment by any inmate. (ECF No. 83.)

On August 21, 2025, NDOC filed an Objection/Appeal of Judge Denny's Order arguing that the Court's Order in ECF No. 83 is clearly erroneous and contrary to established law (ECF #88).  On August 22, 2025, Plaintiff filed Response to the Objection/Appeal. (ECF #89).

Notwithstanding the objection, on October 3, 2025, Defendant NDOC provided Amended Responses to Plaintiff's Requests for Production, Set One, asserting that no documents exist in the personnel and disciplinary files of Defendants Johnson, Mahon, Sheeks, and Tafelmeyer related to prior instances of use of force for Defendants Sheeks, Mahon, and Johnson, denial of adequate medical care for Defendant Tafelmeyer, and any prior failure to fulfill an accommodation request based on visual impairment by any inmate. These amended responses are attached hereto as Exhibit 1. In response to each request, the Defendant NDOC claims that a review of the file was conducted and that no responsive documents exist.

Also on October 3, 2025, Defendant NDOC filed a Notice of Compliance along with declarations from Vickie Woods, Personnel Officer in NDOC's Human Resources (HR) Division, and Tanya Cifarelli, NDOC's HR-Central Records Analyst, who NDOC states conducted the reviews of Defendants' personnel and disciplinary files. (ECF #96)

**II.  ARGUMENT**

With respect to the personnel files and disciplinary records of the Defendants, the court inadvertently gave the NDOC too much discretion over what to disclose by allowing the NDOC to screen for relevance.  NDOC has an obvious interest in limiting the evidence obtained by the Plaintiff and may have construed "excessive force" and "deliberate indifference" too narrowly.  This concern is heightened by the course of

discovery thus far, which can be fairly described as non-compliant, and leads to reasonable concerns for the Plaintiff over the reported lack of any responsive documents.

Further, the Defendants' assertion that no responsive documents exist lacks credibility, given that this action involves claims of excessive force against Defendants Johnson, Tafelmeyer, Mahon, and Sheeks, deliberate indifference to serious medical needs against Defendant Tafelmeyer, and ADA violations against NDOC arising from the September 13, 2021 incident at NNCC. At a minimum, the personnel and disciplinary files should contain some documentation reflecting the claims in this very case, such as investigations, notices, or related entries.

Further, the Plaintiff believes that some of the defendants in this case have been subject to suit under similar circumstances.  For example, Defendant Sheeks was sued by a prisoner for excessive force in this court in Docket No. 3:20-cv-00143-MMD-WGC. Defendant Joseph Johnson was sued in this court for excessive force in Docket No. 3:22-cv-00564-ART-CLB.

As noted in *Kelly v. San Jose*, 114 F.R.D. 653, 668 (N.D. Cal. 1987), in camera review can serve as an important check on "knee-jerk or overbroad assertions of [] privilege." As described in *Manley v. Zimmer*, No. 3:11-cv-00636-RCJ-WGC, 2013 U.S. Dist. LEXIS 146151, at *42 (D. Nev. Oct. 9, 2013), while a normal briefing schedule is the "better approach" in inmate conditions of confinement cases to potentially obviate the need for in camera review, the specific circumstances here— involving sensitive prison-related documents in a dispute over serious constitutional and ADA claims—the Court is warranted proceeding with in camera review to ensure a fair and efficient

resolution. Per *Manley,* The Court has the authority to conduct an in camera review to verify compliance with its discovery orders and to ensure that no responsive documents have been withheld, especially where, as here, the responding party's claims of non-existence appear implausible in light of the case's subject matter. Such review is warranted to protect Plaintiff's ability to prosecute his claims without unjustified refusal to produce personnel and disciplinary records, in violation the Court's Order in ECF #83.

Plaintiff requests that the Court order Defendants to submit the complete personnel and disciplinary files of Defendants Johnson, Mahon, Sheeks, and Tafelmeyer for *in camera* review to identify any documents related to prior instances of use of force, denial of adequate medical care, or failure to fulfill accommodation requests based on visual impairment, consistent with the scope of the Court's prior Order (ECF No. 83). Following review, the Court should compel production of any responsive documents found, redacted or marked as necessary to preserve confidentiality.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion for In Camera Review be granted.

Dated: Oct 21, 2025

By: */s/ Luke Busby, Esq.*
  Luke Busby, Esq.
  316 California Avenue
  Reno, Nevada 89509
  Phone (775) 453-0112
  luke@lukeandrewbusbyltd.com
  *Attorney for the Plaintiff*

5

**Exhibit List**

Ex 1: October 3, 2025 Amended Responses to Plaintiff's Request for Production, Set One

## **CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____  personally delivering;

_____  delivery via Reno/Carson Messenger Service;

_____  sending via Federal Express (or other overnight delivery service);

\_\_\_\_  depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_  delivery via electronic means (fax, eflex, NEF, etc.) to:

        Mark Hackmann, Esq.
        100 N. Carson St.
        Carson City, NV 89701
        813-340-1181
        Email: mhackmann@ag.nv.gov

Dated: Oct 21, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

7