UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID AGUILAR,

    Plaintiff

v.

J. TAFELMEYER, et al.,

    Defendants

Case No.: 3:23-cv-00547-ART-CSD

**Order**

Re: ECF No. 98

Plaintiff has filed a motion for in camera review of Defendants' personnel and disciplinary files. (ECF Nos. 98, 98-1.) Defendants filed a notice of non-opposition. (ECF No. 99.)

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), who is represented by counsel in this action brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Plaintiff is asserting claims in his First Amended Complaint for excessive force under the Eighth Amendment against defendants Johnson, Tafelmeyer, Mahon, and Sheeks, an Eighth Amendment deliberate indifference to serious medical needs claim against defendant Tafelmeyer, and a claim under Title II of the ADA against NDOC. (ECF Nos. 56, 57.)

Plaintiff previously filed a discovery motion which asked the court to compel Defendants to produce documents responsive to certain requests for production that seek the personnel files and disciplinary records for each of the individual defendants. (ECF No. 69.) The court held a hearing on the motion, and issued an order on August 7, 2025, granting in part the motion as to the request for the personnel and disciplinary records. (ECF No. 83.) The court ordered that Defendants produce personnel records and disciplinary records related to claims for excessive

force for Johnson, Tafelmeyer, Mahon, and Sheeks, and records related to claims for denial of adequate medical care for Tafelmeyer, as well as any claims in the individual Defendants' personnel or disciplinary files that they failed to accommodate a request related to an inmate's visual impairment. The court ordered the parties to meet and confer to come up with a reasonable time frame for the production.

The parties apparently took this to mean a reasonable time frame to actually produce the documents (*see* ECF No. 84 at 1:27-28), but the court already ordered that the production should take place within 30 days of the August 7, 2025 order (*see* ECF No. 83 at 10:17-18). The parties were supposed to meet and confer to determine a reasonable time period for any responsive documents, *i.e.*, one year or two years before the conduct alleged in this action.

On October 3, 2025, Defendants filed a notice that after a diligent inquiry into Defendants' personnel and disciplinary files, no records related to the claims asserted here were found. (ECF No. 96.) The notice includes a declaration from a human resources employee at NDOC, Vickie Woods, who states that she reviewed Sheeks' personnel and disciplinary files and found no records related to claims of excessive force or to an inmate's visual impairment. (ECF No. 96-1.) The declaration does not state that she reviewed the personnel and disciplinary files for the other individual Defendants.

In this motion asking the court to conduct an in camera review of the Defendants' personnel or disciplinary files, Plaintiff argues that the court "inadvertently gave the NDOC too much discretion over what to disclose by allowing the NDOC to screen for relevance." (ECF No. 98 at 3:23-25.) Plaintiffs' argument is not well taken. In *every* civil case, it is up to counsel and his or her client to review the party's own documents to determine what is relevant and responsive for the purposes of both initial disclosures and discovery responses.

Plaintiff further argues that Defendants' assertion that no responsive documents exist lacks credibility because Plaintiff assumes that the personnel and disciplinary files "should" contain some documentation concerning the claims in this case, and Sheeks and Johnson have been sued previously for excessive force (Case No. 3:20-cv-00143-MMD-WGC (Sheeks) and Case No. 3:22-cv-00564-ART-CLB (Johnson)).

Case 3:20-cv-00143-MMD-WGC ended up being dismissed with prejudice as a result of the plaintiff's failure to prosecute and update his address with the court. (*See* ECF Nos. 60, 62, 63 in 3:20-cv-00143-MMD-CSD.) In addition, the plaintiff was not allowed to proceed with an excessive force claim against Johnson in 3:22-cv-00564-ART-CLB. (*See* ECF No. 41 in 3:22-cv-00564-ART-CLB.) Instead, he was allowed to proceed with claims that Johnson was among the officers that denied him access to an accessible toilet or shower. Magistrate Judge Baldwin has recommended that the defendants' be granted summary judgment in that action, which remains pending before District Judge Traum. (ECF No. 92 in 3:22-cv-00564-ART-CLB.)

Moreover, as counsel should be aware, *allegations* that excessive force was used or that an inmate was denied adequate medical care do not mean that excessive force was in fact used or that an inmate was in fact denied adequate medical care so that documents relevant to such claims exist in a defendants' personnel or disciplinary file.

In sum, the court does not find that good cause has been demonstrated for the court to undertake an in camera review of each of the individual Defendants' personnel or disciplinary files.

The court will, however, require Defendants to provide a declaration from Ms. Woods (or another appropriate NDOC employee) stating that she has in fact reviewed the personnel and disciplinary files for the other individual defendants and declare under penalty of perjury that

3

there are no responsive documents if that is the case, or produce any responsive documents subject to the applicable protective order.

The court cannot require Defendants to produce that which does not exist, and the court will not conduct an in camera review because Plaintiff's counsel does not believe Defendants' responses are credible without a basis to support that belief. As an officer of the court, Mr. Hackman has confirmed that there are no responsive documents in the supplemental responses. If this turns out not to be the case, Hr. Hackman will have to answer to the court.

In addition, Plaintiff is free to depose each of the Defendants and inquire about prior incidents of excessive force, requests by inmates concerning visual impairments, or alleged denial of medical care, and if it comes to light that Defendants' representations in their discovery responses are false, Plaintiff can bring an appropriate motion.

## CONCLUSION

Plaintiff's motion for in camera review of Defendants' personnel and disciplinary files (ECF No. 98) is **DENIED**; however, on or before **November 19, 2025,** Defendants are required to provide a declaration from Ms. Woods, or another qualified person, stating that the personnel and disciplinary files of the other individual Defendants have been reviewed and that either there are no responsive documents or responsive documents are being produced subject to the applicable protective order.

**IT IS SO ORDERED**.

Dated: November 12, 2025

_____
Craig S. Denney
United States Magistrate Judge